Larry W. Lee (State Bar No. 228175)
lwlee@diversitylaw.com
DIVERSITY LAW GROUP, P.C.
515 S. Figueroa St., Suite 1250
Los Angeles, CA 90071
(213) 488-6555
(213) 488-6554 facsimile

Edward W. Choi, Esq. SBN 211334
Law Offices of Choi & Associates
515 S. Figueroa St., Suite 1250
Los Angeles, CA 90071
Telephone: (213) 381-1515
Facsimile: (213) 465-4885
Email: edward.choi@calaw.biz

Alex Cha, State Bar No. 208051
alex@alexchalaw.com
J. Edward Kim, State Bar No. 282787
edward@alexchalaw.com
Law Offices of Alex Cha
1055 W 7th St., Fl. 28
Los Angeles, CA 90017
(213) 351-3513
F:(213) 351-3514

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| EMMY SONG, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THC – ORANGE COUNTY, INC., a California Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES:**<br><br>**(1) VIOLATION OF LABOR CODE §§ 510, 558, 1194, 1197 AND 1197.1;**<br>**(2) VIOLATION OF LABOR CODE § 226;**<br>**(3) VIOLATION OF LABOR CODE §§201-203;**<br>**(4) UNFAIR PRACTICES ACT, B&P § 17200 *et seq.*; AND**<br>**(5) VIOLATION OF LABOR CODE § 2802 (INDIVIDUAL CLAIM)** |

Plaintiff EMMY SONG ("Plaintiff"), hereby submits this Class and Representative Action Complaint ("Complaint") against Defendants THC – ORANGE COUNTY, INC., a California Corporation, and DOES 1-100 (hereinafter collectively referred to as "Defendants"), on behalf of herself and the Class of all other similarly situated current and former employees of Defendants for penalties and/or damages for violations of the California Labor Code, including without limitation, failure to pay proper minimum and overtime wages, provide accurate itemized wage statements, and failure to timely pay wages to terminated employees as follows:

## INTRODUCTION

1. This class action is within the Court's jurisdiction under the Class Action Fairness Act (the "CAFA") 28 U.S.C. § 1332(d)(2), in that Plaintiff is informed and believes and based thereon alleges that this class action's amount in controversy exceeds $5 million, exclusive of interest and costs, and is a class action in which Plaintiff and members of the class are citizens from a state that is different than the states in which Defendants are citizens.  Specifically, Plaintiff and members of the class are California citizens, while Defendants are Kentucky citizens. Specifically, although Defendant THC-ORANGE COUNTY, INC. is incorporated in California, all of its officers and directors are located in the State of Kentucky.  Further, Defendant THC-ORANGE COUNTY, INC.'s principal executive office is located in the State of Kentucky and Defendant THC-ORANGE COUNTY, INC. does not maintain a street address of a principal business office or a mailing address in the State of California.  Thus, for citizenship purposes, THC-ORANGE COUNTY, INC. is a citizen of Kentucky.

2. This Complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code against employees of Defendants.

3. Plaintiff is informed and believes, and based thereon alleges, that

Defendants jointly and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees by failing to pay proper minimum and overtime wages, provide accurate wage statements and pay all wages earned timely at termination.

4. Plaintiff is informed and believes, and based thereon alleges, that Defendants jointly and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees by failing to provide accurate itemized wage statements identifying all required information, including without limitation, the correct amount of gross and net pay, correct pay periods, and applicable hourly rates for all non-exempt employees.

5. Plaintiff is informed and believes, and based thereon alleges, that Defendants have engaged in, among other things a system of willful violations of the California Labor Code by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over the violations of the California Labor Code §§ 226, **510, 558, 1194, 1197, 1197.1**, 203, pursuant to the CAFA, 28 U.S.C. § 1332(d), as set forth above.

7. Venue is proper in this Court because Defendants operate numerous hospitals within this County.

## PARTIES

8. Plaintiff was previously employed by Defendants until on or about April 10, 2017, when her employment was terminated.

9. During her employment, Plaintiff was routinely not provided with proper minimum and overtime wages. Specifically, Defendants had a policy of "rounding" down the minutes worked to the nearest 15 minutes.

10. During her employment, Plaintiff was routinely provided with itemized wage statements along with the payment of wages. Plaintiff's wage

**CLASS ACTION COMPLAINT FOR DAMAGES**

statements were inaccurate because her hours worked were rounded down. Further, on an independent basis, the different overtime rates were identified as a base rate and a separate line item showing premium rate of half of the base rate.

11. At the termination of her employment, Plaintiff was not paid all wages due on the date of her termination. Instead, Plaintiff's final wages were paid during the next payroll cycle.

12. Defendants provide healthcare services in California.

13. Plaintiff was and is the victim of the policies, practices, and customs of Defendants complained of in this action in ways that have deprived her of the rights guaranteed by California Labor Codes §§510, 558, 1194, 1197, 1197.1, 226 and 203.

14. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendants and DOES 1 through 100 are and were business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

15. As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to California Labor Codes §§510, 558, 1194, 1197, 1197.1, 226 and 203.

16. Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 100, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes, and based thereon alleges, that each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

17. At all times herein mentioned, each of said Defendants participated in

the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

18. Plaintiff is informed and believes, and based thereon alleges, that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co- Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

19. At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

20. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

21. **Definition:** The named individual Plaintiff seeks class certification of the following classes:

**CLASS ACTION COMPLAINT FOR DAMAGES**

a. All current and former California non-exempt employees of Defendants who worked at any time during the period of time from June 6, 2013 through the present (the "Rounding Class"); and

b. All current and former non-exempt California employees of Defendants who received wage statements for overtime wages at any time from June 6, 2016 through the present (the "Wage Statement Class");

22. **Numerosity and Ascertainability:** The members of the Class are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the Class is readily ascertainable by review of Defendants' records, including payroll records. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to pay proper overtime wages and failed to provide accurate itemized wage statements in violation of Labor Code §§ 510, 558, 1194, 1197, 1197.1 and 226.

23. **Adequacy of Representation**: The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and the named Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California courts.

24. Defendant uniformly administered a corporate policy, practice of failing to pay proper overtime wages and provide accurate itemized wage statements in violation of Labor Code §§ 510, 558, 1194, 1197, 1197.1 and 226.

25. **Common Question of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning Defendants' failure to pay proper overtime wages and failure to provide accurate itemized wage statements and/or pay all earned wages timely upon termination in violation of Labor Code §§ 510, 558, 1194, 1197, 1197.1 and 226.

**CLASS ACTION COMPLAINT FOR DAMAGES**

26. **Typicality:** The claims of the named Plaintiff are typical of the claims of all members of the Class in that Plaintiff has suffered the harm alleged in this Complaint in a similar and typical manner as the Class members.

27. The California Labor Code and upon which Plaintiff bases her claims is broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

28. The nature of this action and the format of laws available to Plaintiff and members of the Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate Defendant would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of the individual Plaintiff with Defendants' vastly superior financial and legal resources. Requiring each Class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

29. The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class members against Defendants and which would establish potentially incompatible standards of conduct for Defendants, and/or (b) adjudications with respect to individual Class members which would, as a practical matter, be dispositive of the interest of the other Class members not parties to the adjudications or which would substantially impair or

**CLASS ACTION COMPLAINT FOR DAMAGES**

impede the ability of the Class members to protect their interests.  Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

30. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class identified herein, in a civil action any and all applicable penalties and/or damages, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor Codes §§ 510, 558, 1194, 1197, 1197.1 and 226.

31. Proof of a common business practice or factual pattern, which the named Plaintiff experienced and is representative of, will establish the right of each of the members of the Class to recovery on the causes of action alleged herein.

32. The Class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendants.  The Class is commonly entitled to restitution of those funds being improperly withheld by Defendants.  This action is brought for the benefit of the entire class and will result in the creation of a common fund.

## FIRST CAUSE OF ACTION
## VIOLATION OF LABOR CODE §§ 510, 558, 1194, 1197 AND 1197.1
## (AGAINST DEFENDANTS AND DOES 1-100 BY PLAINTIFF AND THE ROUNDING CLASS)

33. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 32 as though fully set for herein.

34. At all times relevant herein, DEFENDANTS were required to compensate their non-exempt employees correct and proper minimum and overtime wages for all minimum and overtime hours worked in excess of 8 hours in a work day or 40 hours in a work week pursuant to California Labor Code §§

**CLASS ACTION COMPLAINT FOR DAMAGES**

510, 558, 1194, 1197 1197.1 and IWC Wage Order No. 5-2001.

35. DEFENDANTS regularly required Plaintiff to work hours in excess of 8 hours in a work-day or 40 hours in a work week without the payment of proper minimum and overtime wages due to its time rounding policies, in violation of California Labor Code §§ 510, 558, 1194, 1197, 1197.1 and IWC Wage Orders.

36. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of minimum and overtime wages owing, including interest thereon, waiting time penalties pursuant to Labor Code § 203, attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 510, 558, 1194, 1197 and 1197.1.

## SECOND CAUSE OF ACTION
## VIOLATION OF LABOR CODE § 226
## (AGAINST DEFENDANTS AND DOES 1-100 BY PLAINTIFF AND THE ROUNDING AND WAGE STATEMENT CLASSES)

37. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 36 as though fully set for herein.

38. Defendants failed in its affirmative obligation to provide <u>accurate</u> itemized wage statements. Defendants, as a matter of policy and practice, did not provide accurate records in violation of Labor Code § 226(a). Specifically, as a result of Defendants' rounding policy, the wage statements failed to accurately identify the correct number of hours worked, as well as the accurate gross/net wages earned. Further, whenever employees were paid overtime wages, the wage statements failed to accurately identify the applicable a single overtime rates of pay.

39. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by

Plaintiff and the Class identified herein, in a civil action, for all damages or penalties pursuant to Labor Code § 226, including interest thereon, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 226.

## THIRD CAUSE OF ACTION

## FOR VIOLATIONS OF THE UNFAIR PRACTICES ACT, B&P § 17200 *ET SEQ.*

## (AGAINST ALL DEFENDANTS BY PLAINTIFF AND ON BEHALF OF THE ROUNDING CLASS)

40. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 39 as though fully set for herein.

41. Defendants, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, include, to wit, by failing to pay proper minimum and overtime wages.

42. Defendants' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

43. Plaintiff seeks, on her own behalf and on behalf of other members of the Class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

44. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200 *et seq.*, including those set forth herein above thereby depriving Plaintiff and other members of the class the minimum working condition standards and conditions due to them under the California laws as specifically described therein.

**CLASS ACTION COMPLAINT FOR DAMAGES**

## FOURTH CAUSE OF ACTION
## FOR VIOLATION OF LABOR CODE §§ 201-203
### (AGAINST DEFENDANTS AND DOES 1-100 BY PLAINTIFF [NON-CLASS CLAIM])

45. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 44 as though fully set for herein.

46. At all times relevant herein, DEFENDANTS were required to pay Plaintiff all earned wages in a timely fashion at the end of employment pursuant to California Labor Code §§ 201 to 203.

47. As a pattern and practice, DEFENDANTS intentionally failed to pay Plaintiff her final wages pursuant to Labor Code §§ 201 to 203 and accordingly owe waiting time penalties pursuant to Labor Code § 203.

48. The conduct of DEFENDANTS and their agents and employees as described herein was willfully done in violation of Plaintiff's rights, and done by managerial employees of DEFENDANTS.

49. Therefore, Plaintiff is entitled to compensation pursuant to Labor Code § 203.

## FIFTH CAUSE OF ACTION
## VIOLATION OF LABOR CODE § 2802
### (AGAINST DEFENDANTS AND DOES 1-100 BY PLAINTIFF [NON-CLASS CLAIM])

50. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 49 as though fully set for herein.

51. This cause of action is brought pursuant to California Labor Code § 2802 which provides that employees are entitled to be indemnified for expenses and losses in discharging the duties of their employers.

52. As a pattern and practice, Defendants regularly failed to reimburse and

**CLASS ACTION COMPLAINT FOR DAMAGES**

indemnify Plaintiff for training courses that were preapproved and part of the benefits provided to Plaintiff during her employment with Defendants.

53. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorney's fees, and costs of suit according to the mandate of California Labor Code § 2802, et seq.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment for herself and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1. For an order certifying the proposed Class;

2. For an order appointing Plaintiff as the representative of the Class as described herein;

3. For an order appointing counsel for Plaintiff as Class counsel;

4. Upon the First Cause of Action, for damages and/or penalties pursuant to California Labor Code §510, 558, 1194, 1197, 1197.1 for damages and/or penalties pursuant to California Labor Code § 201-203, and for costs;

5. Upon the Second Cause of Action, for damages and/or penalties pursuant to California Labor Code § 226, and for costs and attorneys' fees;

6. Upon the Third Case of Action, for restitution to Plaintiff and other similarly effected members of the general public of all funds unlawfully acquired by DEFENDANTS by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 et seq.;

7. Upon the Fourth Cause of Action, for penalties pursuant to California Labor Code §§ 201-203 and for costs and attorneys' fees;

8. Upon the Fifth Cause of Action for all unreimbursed business

**CLASS ACTION COMPLAINT FOR DAMAGES**

Case 8:17-cv-00965-JLS-DFM   Document 1   Filed 06/06/17   Page 13 of 13   Page ID #:13

expenses; and

9.   On all causes of action, for attorneys' fees and costs as provided by California Labor Code §§ 226, 1194 and Code of Civil Procedure § 1021.5; and

10.   For such other and further relief as the Court may deem just and proper.

Dated:   June 6, 2017            LAW OFFICES OF CHOI & ASSOCIATES


                                 By: */s/ Edward W. Choi*
                                      Edward W. Choi
                                      Attorneys for Plaintiff and the Class

**CLASS ACTION COMPLAINT FOR DAMAGES**