Larry W. Lee (State Bar No. 228175)
lwlee@diversitylaw.com
DIVERSITY LAW GROUP, P.C.
515 S. Figueroa St., Suite 1250
Los Angeles, CA 90071
(213) 488-6555
(213) 488-6554 facsimile

Edward W. Choi, Esq. SBN 211334
Law Offices of Choi & Associates
515 S. Figueroa St., Suite 1250
Los Angeles, CA 90071
Telephone: (213) 381-1515
Facsimile: (213) 465-4885
Email: edward.choi@calaw.biz

Alex Cha, State Bar No. 208051
alex@alexchalaw.com
Law Offices of Alex Cha
1055 W 7th St., Fl. 28
Los Angeles, CA 90017
(213) 351-3513
F:(213) 351-3514

Attorneys for Plaintiff and the Class

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| EMMY SONG, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THC – ORANGE COUNTY, INC., a California Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.:  8:17−cv−00965−JLS−DFM<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PAGA SETTLEMENT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:  June 21, 2019<br>Time:  10:30 a.m.<br>Courtroom:  10A<br>Judge:  Hon. Josephine L. Staton |

**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT**

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that at 10:30 a.m. on June 21, 2019, or as soon thereafter as the matter may be heard in Courtroom 10A of the United States District Court for the Central District of California, Southern Division, located at 411 West Fourth Street, Santa Ana, CA 92701, will and hereby does move this Court for an Order finally approving the proposed class action settlement and approving settlement of the Private Attorneys General Act ("PAGA") claim. Specifically, Plaintiff respectfully requests that the Court issue an Order granting final approval of the proposed class action settlement and approving the PAGA settlement.

Given that this is a Motion for Final Approval of a Settlement and approval of a PAGA settlement reached with Defendant THC – ORANGE COUNTY, INC. ("Defendant"), Plaintiff does not anticipate that Defendant will oppose this Motion.

This Motion is based upon this Notice of Motion and Motion for Final Approval of Class Action Settlement and Approval of PAGA Settlement, the attached Memorandum of Points and Authorities in Support, the accompanying Declarations of Larry W. Lee, Edward W. Choi, Alex Cha, Melissa E. Baldwin, and any oral argument of counsel, the complete files and records in the above-captioned matter, and such additional matters as the Court may consider.

DATED: May 17, 2019            LAW OFFICES OF CHOI & ASSOCIATES, P.C.

                                           By:   /S/ EDWARD W. CHOI
                                                 Edward W. Choi, Esq.
                                                 Attorney for Plaintiff and the Class

# Table of Contents

**Page**

I. NATURE OF RELIEF SOUGHT .......................................………. 1

II. INTRODUCTION AND SUMMARY OF ARGUMENT..……....... 1

III. THE SETTLEMENT PROCESS HAS BEEN DUTIFULLY ADHERED TO AND SUCCESSFULLY CARRIED OUT…............. 2

   A. Dissemination of Notice …………………………...………..... 2

   B. No Objections and Minimal Exclusions Have Been Received to Date..……………………………………..………………… 3

IV. OVERVIEW OF ISSUES AND ARGUMENT……………...…....… 3

V. LITIGATION HISTORY …………………...……………………..... 3

VI. THE SETTLEMENT ……………………………………..…......... 5

VII. THE SETTLEMENT EXCEEDS THE STANDARDS FOR FINAL APPROVAL …………………………………………..………...… 6

   A. The Strength of Plaintiff's Case Supports Settlement ……..…. 7

   B. Risks, Expense, and Duration of Continued Litigation Supports Settlement……………………………………...… 7

   C. The Settlement Amount Favors Settlement……………….….. 8

   D. The Extent of Discovery Favors Settlement……………….... 10

   E. The Recommendations of Counsel Favor Approval of the Settlement……………………………………………….......... 10

   F. The Class Has Responded Favorably to the Proposed Settlement…………………………………………………........ 11

   G. The Procedure Through Which the Settlement Was Achieved Supports Final Approval……………………………..…..…… 12

VIII. PLAINTIFF REQUESTS APPROVAL OF THE PAGA SETTLEMENT …………………………………………………......... 13

IX. CONCLUSION……………………………………………….......... 14

i

**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT**

## Table of Authorities

**Page**

**Federal Cases**

Armstrong v. Board of Sch. Dirs., 616 F.2d 305, 325 (7th Cir. 1980) ....................11

Bellinghausen v. Tractor Supply Co.,
   No. 13-CV-02377-JSC, 2015 WL 1289342, at *6 (N.D. Cal. Mar. 20, 2015).......9

Boyd v. Bechtel Corp., 485 F. Supp. 610, 622 (N.D. Cal. 1979).............................10

Chun–Hoon v. McKee Foods Corp.,
   716 F. Supp. 2d 848, 851 (N.D. Cal. 2010) ............................................... 7, 10-12

Churchill Vill. LLC v. Gen. Elec., 361 F.3d 566, 577 (9th Cir .2004) ....................11

Class Plaintiffs v. Seattle, 955 F.2d 1268, 1276 (9th Cir. 1992).................................6

Dyer v. Wells Fargo Bank, N.A.,
   2014 WL 5369395, at *3 (N.D. Cal. Oct. 22, 2014)..............................7, 8, 10, 11

Ellis v. Naval Air Rework Facility, 87 F.R.D. 15, 18 (N.D. Cal. 1980)..................10

Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998) .....................6, 7, 12

In re Mego Fin. Corp. Sec. Litig., 213 F.3d 454, 459 (9th Cir. 2000) .................8, 10

In re Omnivision Techs., Inc., 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) ........11

Joel A. v. Giuliani, 218 F.3d 132, 138 (2nd Cir. 2000)..............................................6

Kirkorian v. Borelli, 695 F. Supp. 446, 451 (N.D. Cal. 1988).................................9

Linney v. Cellular Alaska P'ship, 151 F.3d 1234, 1242 (9th Cir. 1998) .................11

Moore v. Verizon Commc'ns Inc.,
   2013 WL 4610764, at *5 (N.D. Cal. Aug. 28, 2013).............................................7

Officers for Justice v. Civil Service Comm'n of City and. County of San Francisco,
   688 F.2d 615, 625 (9th. Cir. 1982)..............................................................12, 13

Pallas v. Pacific Bell, 1999 WL 1209495, at *6 (N.D. Cal. July 13, 1999).............11

Reed v. General Motors Corp., 703 F.2d 170, 175 (5th Cir. 1983) ........................11

Rodriguez v. West Publishing Corp., 563 F.3d 948 (9th Cir. 2009) ........................ 12

Williams v. Vukovich, 720 F.2d 909, 922-23 (6th Cir. 1983) ........................... 11, 13

**Statutes**

Cal. Bus. & Prof. Code §§17200 et seq ...................................................................... 4

California Labor Code § 2698 ("PAGA") ......................................... 1, 2, 4, 5, 13, 14

**Other Authorities**

4 Newberg on Class Actions § 11 (4th Ed. & Supp. 2002) .................................. 8,13

Manual for Complex Litigation (Fourth)(2004) ............................................ 2, 12, 13

**Rules**

Federal Rule of Civil Procedure 23(e) ....................................................................... 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. NATURE OF RELIEF SOUGHT

By this motion, Plaintiff EMMY SONG ("Plaintiff") seeks final approval of a substantial class-wide settlement reached between Plaintiff and Defendant THC – ORANGE COUNTY, INC. ("Defendant") (Plaintiff and Defendant collectively, the "Parties"). On February 28, 2019, this Court granted preliminary approval of this class action settlement. (Docket No. 59). The Court deferred a ruling on the Parties' settlement the Private Attorneys' General Act of 2004 (Cal. Labor Code §§ 2698 *et seq.*) ("PAGA") claim until the final approval hearing. The Parties now seek this Court's final approval of the class settlement, as well as approval of the PAGA settlement.

The class and PAGA settlement requires Defendant to pay a total of Four Hundred Forty Thousand Dollars ($440,000.00), a sum which represents a substantial recovery for the members of the Class. This settlement is non-reversionary, such that no monies will revert back to Defendant. As such, there was no claims process involved. Class members were given an opportunity to object or opt-out of the class settlement. To date, four (4) class members out of 5,247 have opted out of the class settlement. Accordingly, this shows that the class members have reacted favorably to the settlement. Moreover, all of this Court's orders concerning dissemination of Notice of the Settlement have been scrupulously followed.

Based thereon, Plaintiff respectfully requests that final approval of the class settlement and approval of the PAGA settlement be granted in their entirety.

## II. INTRODUCTION AND SUMMARY OF ARGUMENT

After substantial litigation, discovery, and motion practice, including the production and analysis of significant documents and payroll data and mediation, and the granting of Plaintiff's Motion for Class Certification, the Parties were able to arrive at the current settlement. (Declaration of Edward W. Choi ("Choi Decl.")

1

**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT**

¶¶3-5)

As briefed during the preliminary approval stage, the Parties have reached a class-wide resolution of the class claims and PAGA claim alleged in this action. At all times, Defendant disputed Plaintiff's contentions, including that this case was suited for class treatment and, more importantly, that Defendant would prevail on the merits. (Choi Decl. ¶6) However, despite such disagreements and disputes, the parties were ultimately able to reach the current settlement.

The detailed terms of the settlement are set forth in the Class and Representative Action Settlement Agreement and Stipulation ("Settlement Agreement") entered into by the parties and previously provided to this Court as part of the Motion for Preliminary Approval of Class Settlement and Approval of PAGA Settlement ("Motion for Preliminary Approval"). (Docket No. 58). Pursuant to the settlement terms, Defendant will pay the entirety (100%) of the settlement sum of $440,000.00 without any reversion to Defendant.

The proposed class settlement meets the criteria for final approval which are set forth in the *Manual for Complex Litigation, 4th Ed.*, is well within the range of what would be fair, reasonable, and adequate in this case. Thus, Plaintiff requests that the Court take the final step in the approval process – granting the requested final approval of the settlement which is sought herein. Additionally, Plaintiff renews her request that the Court approve the PAGA settlement as contained in the Settlement Agreement for the same reasons set forth in her Motion for Preliminary Approval and reiterated herein.

### III. THE SETTLEMENT PROCESS HAS BEEN DUTIFULLY ADHERED TO AND SUCCESSFULLY CARRIED OUT

#### A. Dissemination of Notice

As noted above, preliminary approval was granted on February 28, 2019. At that time, RG/2 Claims Administration LLC ("Settlement Administrator") was appointed by the Court as the Settlement Administrator. The parties, through the

work of the Settlement Administrator, have complied with this Court's orders concerning dissemination of the class notice. (Declaration of Melissa E. Baldwin ("Baldwin Decl.") ¶¶3-8).

The Notice was mailed to the class of 5,247 individuals utilizing the data provided by Defendant. (Baldwin Decl. ¶6). Of those, 233 notices were returned and traced. (Baldwin Decl. ¶8). 172 of the returned notices were re-mailed and only 61 notices remained undeliverable. (Baldwin Decl. ¶8).

### B. No Objections and Minimal Exclusions Have Been Received To Date

The objection/exclusion deadline is on June 3, 2019. As mentioned above, to date, not a single individual has filed any objections to this settlement. (Baldwin Decl. ¶10). Further, only 4 individuals (or 0.07% of the class) have opted out of the settlement, further evidencing the favorable view of the settlement from class members. (*Id.* at ¶9).

## IV. OVERVIEW OF ISSUES AND ARGUMENT

As discussed in detail in the previously filed Motion for Preliminary Approval (Dkt No. 58), and briefly mentioned above, the class claims at issue in this lawsuit arise out of Defendant's (1) time rounding policy which Plaintiff alleged resulted in employees being shorted wages, and (2) issuance of wage statements, which Plaintiff alleged were inaccurate.

Defendant, however, strongly disagrees with Plaintiff's contentions and believe that Plaintiff's claims are without merit. In particular, Defendant contends that it has complied with the law.

## V. LITIGATION HISTORY

On June 6, 2017, Plaintiff, on behalf of herself and all others similarly situated, commenced the Action by filing a Class Action Complaint against Defendant in the United States District Court, Central District of California, alleging the following causes of action: (1) failure to pay minimum and overtime

3

wages (Cal. Labor Code §§ 510, 558, 1194, 1197, 1197.1); (2) failure to provide accurate wage statements (Cal. Labor Code § 226); (3) violations of the Unfair Practices Act (Cal. Bus. & Prof. Code §§ 17200, *et seq.*) and; (4) waiting time penalties (Cal. Labor Code §§ 201-203). Additionally, Plaintiff brought an individual failure to reimburse (Cal. Labor Code § 2802) claim on behalf of herself. (Settlement ¶1.1)

On or about May 31, 2017, Plaintiff provided written notice to the California Labor and Workforce Development Agency ("LWDA") pursuant to the PAGA ("Plaintiff's May 31, 2017 LWDA Letter") and, following the expiration of the statutory waiting period, Plaintiff filed the First Amended Class Action Complaint on October 2, 2017, re-alleging each of the causes of action in the original complaint and alleging the following additional cause of action: (6) violations of the Private Attorneys General Act of 2004 (Cal. Labor Code §§ 2698, et seq.). (*Id.*) On January 11, 2019, Plaintiff provided a supplemental notice to the LWDA ("Plaintiff's January 11, 2019 Supplemental LWDA Letter").

Specifically, Plaintiff alleged that she and other non-exempt employees were not provided with proper wages due to Defendant's policy of non-exempt employees to clock in more than 7 minutes before the shift start time, but when employees did clock in and start working 5 minutes before the shift start time, they were not paid for such hours worked as a result of Defendant's time rounding policies. In addition, Plaintiff also alleged that whenever overtime wages were paid, the corresponding wage statements failed to show the accurate rate of overtime wages, in violation of Labor Code § 226(a). Defendant claims that the allegations have no merit and do not give rise to liability.

After significant discovery by both Parties, on April 27, 2018, Plaintiff filed her Motion for Class Certification, which was ultimately granted by this Court on August 6, 2018. Dkt. No. 49.

After the class was certified, and after months of negotiations, the Parties

4

reached the current settlement. On February 28, 2019, this court granted Plaintiff's Motion for Preliminary Approval of the Settlement Agreement. As part of the Settlement Agreement, the Parties also sought approval of the settlement as it pertains to Plaintiff's PAGA claim. As part of this Court's Order Granting Preliminary Approval, the Court deferred ruling on the approval of the PAGA settlement until Plaintiff's Motion for Final Approval.

As the Court can see from the docket, from the time of filing to the instant settlement, this case has been vigorously litigated by both parties. Depositions of Plaintiff, her expert witness and Defendant's FRCP 30(b)(6) witnesses were taken prior to Plaintiff's filing of her Motion for Class Certification. Further, the Parties have been engaged in active settlement discussions during the pendency of this action.

## VI. THE SETTLEMENT

The Settlement terms were summarized in detail in the Motion for Preliminary Approval, and Plaintiff respectfully incorporates those arguments herein so as to avoid unnecessary duplication. The specific terms of the settlement are set forth in the Settlement Agreement filed on January 11, 2019. (Dkt No. 58-5). The principal terms are:

a. Defendant will pay a total Settlement Amount of $440,000.00. This sum includes payments made to the settlement class members, settlement of the PAGA claim, settlement administration costs, award of attorneys' fees and costs, and Plaintiff's incentive award.

b. The sum available for use for payments to class members after the settlement administration costs, PAGA payments, Plaintiff's incentive award, and awards of attorneys' fees and costs as the Net Settlement Amount. Defendant agrees that it shall pay the entirety (100%) of the Net Settlement Amount. **In other words, the settlement is non-reversionary, meaning that no funds will revert back to Defendant.**

      c.      No claim forms were necessary for any class member to participate in the settlement and receive their share of the settlement. Thus, any class member who does not opt-out in connection with this settlement notice will automatically receive his/her share of the Net Settlement Amount. On average, each class member will receive approximately a payment of $36.59. The highest individual settlement payment to be paid will be approximately $236.75 with the lowest being approximately $0.12.

      d.      All of this Court's orders in connection with the class settlement administration process have been followed. (*See* Baldwin Decl. filed herewith).

The settlement represents a compromise between the positions and evaluations of the two sides to this controversy. Clearly, there were significant disagreements between the Parties as to the facts and the law.

## VII. THE CLASS SETTLEMENT EXCEEDS THE STANDARDS FOR FINAL APPROVAL

Federal Rule of Civil Procedure 23(e) provides that any compromise of a class action must receive Court approval. The court has broad discretion to grant such approval and should do so where the proposed settlement is "fair, adequate, reasonable, and not a product of collusion." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *Joel A. v. Giuliani*, 218 F.3d 132, 138 (2nd Cir. 2000). In determining whether a proposed settlement should be approved, the Ninth Circuit has a "strong judicial policy that favors settlement, particularly where complex class action litigation is concerned." *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

The fairness, reasonableness and adequacy of any class action settlement depends on "the relative strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of

counsel; ... and the reaction of class members to the proposed settlement." *Hanlon* 150 F.3d at 1026. Here, as set forth in the Motion for Preliminary Approval and discussed below, the factors for final approval of this settlement have been established.

### A. The Strength of Plaintiff's Case Supports Settlement

This factor is generally satisfied when plaintiffs must overcome barriers to make their case. *Chun–Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 851 (N.D. Cal. 2010). As discussed below, during the class certification hearing, this Court commented that it believed that Plaintiff's wage statement claim did not have merit. Similarly, as to Plaintiff's rounding claim, two recent California Court of Appeal decisions have held that rounding practices similar to Defendant's rounding practices were legal. *See AHMC Healthcare, Inc., et al. v. Superior Court* (2018) 24 Cal. App. 5th 1014; *Donohue v. AMN Services, LLC* (2018) 29 Cal. App. 5th 1068. As such, Plaintiff and the Class would have faced substantial risk in proceeding with the litigation had a settlement not been reached.

Therefore, this factor favors settlement. *See Dyer v. Wells Fargo Bank, N.A.*, 2014 WL 5369395, at *3 (N.D. Cal. Oct. 22, 2014) (factor favors final approval where "[p]laintiffs acknowledge that, if the settlement is not approved, they will encounter significant obstacles in establishing their claims"); *see also Moore v. Verizon Commc'ns Inc.*, 2013 WL 4610764, at *5 (N.D. Cal. Aug. 28, 2013) (finding that the relative strength of plaintiffs' case favored settlement because plaintiffs admitted they would face hurdles in proving liability and damages).

### B. Risks, Expense, and Duration of Continued Litigation Supports Settlement

"Difficulties and risks in litigating weigh in favor of approving a class settlement." *Dyer*, 2014 WL 5369395, at *3 (citation omitted). Again, given the Court's personal views on Plaintiff's wage statement claim, and the recent Court of Appeal decisions regarding time rounding practices, there was a significant risk that

the class members would receive nothing had this case proceeded to trial. Further, even if Plaintiff had prevailed at trial, there was a likelihood that Defendant would have appealed the verdict. Thus, the risks, expense, and duration of continued litigation favor final approval of the settlement. *See Dyer*, 2014 WL 5369395, at *3 ("This factor supports final approval of this settlement because, without a settlement, Plaintiffs would risk recovering nothing after a lengthy and costly litigation.").

### C. The Settlement Amount Favors Settlement

The standard of review for class settlements is whether the Settlement is within a range of reasonableness. As Professor Newberg comments:

> Recognizing that there may always be a difference of opinion as to the appropriate value of settlement, the courts have refused to substitute their judgment for that of the proponents. Instead the courts have reviewed settlements with the intent of determining whether they are within a range of reasonableness.…

4 Newberg on Class Actions, at §11.45.

Numerous courts have held that **gross** settlements approximating between only 8 and 25% of the defendant's potential exposure are fair and reasonable. *See, e.g.*, *In re Mego Fin. Corp. Secs. Litig.*, 213 F.3d 454, 459 (9th Cir.2000) (holding that class action settlement recovering 16% of potential exposure was fair and reasonable; "[i]t is well-settled law that a cash settlement amounting to only a fraction of the potential recovery does not per se render the settlement inadequate or unfair. Rather, the fairness and the adequacy of the settlement should be assessed relative to risks of pursuing the litigation to judgment"; noting that whether the settlement is fair and adequate depends on the "the difficulties in proving the case"); *Bellinghausen v. Tractor Supply Co.*, No. 13-CV-02377-JSC, 2015 WL 1289342, at *6 (N.D. Cal. Mar. 20, 2015) (holding that class action settlement recovering between 8.5% and 25% of the defendant's potential exposure was fair).

8

**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT**

Here, the settlement fund is non-reversionary, such that 100% of the Net Settlement Amount will be available for distribution to class members who do not opt-out. Moreover, the settlement does not require claim forms. Rather, class members who did not opt-out will receive a check. Further, the settlement fund will be paid out entirely in cash (as opposed to a voucher, coupon, etc.). In addition, as set forth in the Settlement Agreement, the class release is expressly limited to the class and representative claims asserted in this case. Significantly, based on the claims that were pled, Plaintiff estimated the potential liability exposure for Defendant is approximately $5.5 million before accounting for any of Defendant's defenses or Plaintiff's risk of loss. Thus, the Gross Settlement Amount of $440,000.00 comprises approximately 8% of the total potential exposure for lost wages and damages.

As noted in Plaintiff's Motion for Preliminary Approval, two California Court of Appeal decisions have held that rounding practices similar to Defendant's rounding practices were legal. *See AHMC Healthcare, Inc.,* 24 Cal. App. 5th 1014; *Donohue,* 29 Cal. App. 5th 1068. Further, the Court commented at the Class Certification hearing that the Court believed that Plaintiff's wage statement claim did not have merit and further questioned whether Plaintiff could prevail on the merits of her unpaid wage claim. Given the Court's clear warnings that Plaintiff and the Class Members would potentially receive nothing for the wage statement claim, and in light of the recent California Court of Appeals' decisions regarding rounding practices, Defendant contends that there were no damages to the class and that it would have prevailed had the matter proceeded forward to a Motion for Summary Judgment.

Moreover, courts have acknowledged that, even if the court has concerns about the class recovery, the lack of objection to the recovery by the class weighs in favor of finding that the settlement amount is fair and reasonable. *See Chun-Hoon*, 716 F. Supp. 2d at 851. In *Chun-Hoon*, although the court had concerns about the

9

**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT**

adequacy of the settlement, the lack of objection to the settlement aided the court in determining that the settlement was beneficial to the class. Here, not a single objection was filed. As such, this settlement should be viewed favorably.

### D. The Extent of Discovery Favors Settlement

Here, settlement was reached following the exchange of significant written discovery, meet and confer process, production and review of substantial amounts of data and documents, depositions of Defendant's FRCP 30(b)(6) witness, deposition of Plaintiff, retention of an expert witness and deposition of Plaintiff's expert witness. The negotiations at all times were adversarial and non-collusive. Moreover, Plaintiff's counsel had the discovery necessary to ascertain the value of the class and representative claims. Courts have held that such discovery is sufficient for parties to make an informed decision regarding the adequacy of the settlement. *See*, *e.g.*, *Dyer*, 2014 WL 5369395, at *3 (parties' participation in written discovery, depositions, witness interviews, and formal mediation favors an informed settlement); *Chun-Hoon*, 716 F. Supp. 2d at 848 ("true value of the class claims is well-known and class counsel possess a sufficient understanding of the issues involved and the strengths and weaknesses of the case"); *see also In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (formal discovery not necessary where the parties have sufficient information to make an informed decision about settlement).

### E. The Recommendations of Counsel Favor Approval of the Settlement

The recommendations of experienced counsel should be given considerable weight. *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979); *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980), ("[T]he fact that experienced counsel involved in the case approved the settlement after hard-fought negotiations is entitled to considerable weight."); *Kirkorian v. Borelli*, 695 F. Supp. 446, 451 (N.D. Cal. 1988); *Reed v. General Motors Corp.*, 703 F.2d 170, 175 (5th

Cir. 1983); *Williams v. Vukovich*, 720 F.2d 909, 922-23 (6th Cir. 1983), *Armstrong v. Board of Sch. Dirs.*, 616 F.2d 305, 325 (7th Cir. 1980).

Lead counsel for Plaintiff has broad experience litigating employment class actions. (Lee Decl. ¶8; Choi Decl. ¶ 15). They support this settlement as a fair and reasonable settlement which is in the best interest of the settlement class. (Lee Decl. ¶3; Choi Decl. ¶ 8). Therefore, this factor favors approval of the settlement. *See Dyer*, 2014 WL 5369395, at *3 (recommendation of plaintiffs' counsel supports approval of settlement); *Chun-Hoon*, 716 F. Supp. 2d at 848 (same).

### F. The Class Has Responded Favorably to the Proposed Settlement

"[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that" the settlement is favorable to class members. *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008), *see Pallas v. Pacific Bell*, 1999 WL 1209495, at *6 (N.D. Cal. July 13, 1999) ("The greater the number of objectors, the heavier the burden on the proponents of settlement to prove fairness.").

Here, not a single objection and only 4 opt outs were received for this settlement. (Baldwin Decl. at ¶¶ 9-11). In other words, this settlement has a 99.99% participation rate and not a single objection. (*Id.*) Thus, the lack of any objections and 4 opt-outs strongly support the fairness of the settlement. *See Churchill Vill. LLC v. Gen. Elec.*, 361 F.3d 566, 577 (9th Cir .2004) (approving settlement with 45 objections and 500 opt-outs from a 90,000-person class, representing .05% and .56% of the class, respectively); *Dyer*, 2014 WL 5369395, at *4 (strong support from class in favor of approving settlement where only four of 8,695 class members opted out); *Chun–Hoon*, 716 F. Supp. 2d at 852 (where 16 of 329 class members opted out, court found that positive class reaction "strongly supports settlement").

///

**G.	The Procedure Through Which the Settlement Was Achieved Supports Final Approval**

The Ninth Circuit has recognized that the factors to be examined at final approval may differ depending on the circumstance of each case. *Officers for Justice v. Civil Service Comm'n of City and. County of San Francisco*, 688 F.2d 615, 625 (9th. Cir. 1982). Therefore, the procedures by which the settlement was achieved also strongly support the fairness of the settlement. *See Chun-Hoon*, 716 F. Supp. 2d at 851 ("To these factors, the court adds as a ninth factor to consider the procedure by which the settlement was arrived at"), citing *Manual for Complex Litigation* (Fourth) § 21.6 (2004). As noted above, the parties participated in an arm's-length negotiation, facilitated by a professional mediator with significant class action experience. This weighs in favor of approval of the settlement. *See Chun-Hoon*, 716 F. Supp. 2d at 851 (finding that use of formal arm's-length mediation supported approval of settlement agreement).

Further, the Ninth Circuit has shown longstanding support of settlements reached through arms' length negotiation by capable opponents. In *Rodriguez v. West Publishing Corp.*, 563 F.3d 948 (9th Cir. 2009), the Ninth circuit expressly opined that courts should defer to the "private consensual decision of the [settling] parties." *Id*. at 965, citing *Hanlon*, 150 F.3d at 1027. The primary reason for deferring to such settlements is the experience of counsel and the participation of a neutral, both of which factors are present here.

The *Rodriguez* Court "put a good deal of stock in the product of an arms' length, non-collusive, negotiated resolution, and have never prescribed a particular formula by which that outcome must be tested." *Rodriguez*, 563 F.3d at 965 (citations omitted). As the Court explained, "[i]n reality, parties, counsel, mediators, and district judges naturally arrive at a reasonable range for settlements by considering the likelihood of a plaintiffs' or defense verdict, the potential recovery, and the chances of obtaining it, discounted to present value." *Id*. at 965

12

(citations omitted). *See also Williams v. Vukovich*, 720 F.2d 909, 922-923 (6th Cir.1983) ("The court should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs"); 4 Newberg on Class Actions § 11.24 (4th Ed. & Supp. 2002); *Manual For Complex Litigation* (Fourth) § 30.42).

      The proposed settlement has no deficiencies. There is no standard or benchmark for determining whether any given settlement is fair. "Ultimately the district court's determination is nothing more than 'an amalgam of delicate balancing, gross approximations and rough justice.'" *Officers for Justice*, 688 F.2d at 625 (citation omitted). In making its determination, the Court should weigh the benefits that the settlement will realize for the class against the uncertainty of litigation and the possibility that the class members would obtain no relief in the absence of a settlement. *See Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998) ("it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements").

      The settlement has been reached after considerable investigation, litigation, negotiation, and involving the mediation efforts of a highly experienced mediator. Each side evaluated the strengths and weaknesses of their case and independently came to the conclusion that this settlement represents a responsible means of addressing the claims of Plaintiff and the Class, as well as Defendant's contention that it would prevail on the merits.

**VIII. PLAINTIFF REQUESTS APPROVAL OF THE PAGA SETTLEMENT**

      As set forth in Plaintiff's Motion for Preliminary Approval, the Settlement Agreement includes the settlement of the PAGA claims brought by Plaintiff. In its Order granting preliminary approval, this Court held in abeyance approval of the settlement of the PAGA claims, stating that the Court would address such approval request simultaneously with this current Motion for Final Approval.

      Without repeating and reiterating the arguments in favor of approval the settlement of the PAGA claims, Plaintiff incorporates the arguments as previously

13

set forth in her Motion for Preliminary Approval and requests that the settlement of the PAGA claims also be approved concurrent with this Motion. (Dkt No. 58) In sum, the Settlement allocates $44,000 (or 10%) of the Gross Settlement Fund as PAGA penalties sought as part of the proposed PAGA Settlement, with 75% of these penalties paid to the LWDA. Accordingly, the Settlement provides for $33,000 to be paid to the State of California from the Gross Settlement Fund. The remaining $11,000 will be paid out of the Gross Settlement Fund and will be distributed to all PAGA Releasees on a pro rata basis. (Settlement Agreement, ¶ 3.1(c).) Although class requirements need not be satisfied, all of the factors weighing in favor of approving settlement of the class claims weigh equally in favor of approval of the PAGA claim. As discussed at length above, the settlement, including settlement of the PAGA claim, is the product of informed negotiations and is fair, reasonable, and adequate to all concerned, and not the product of fraud, collusion, or overreaching.

Accordingly, Plaintiff respectfully requests the Court approve the PAGA Settlement and the release of the PAGA Claims, dismiss the PAGA Claims asserted in the Action with prejudice as to the Plaintiff and all PAGA Releasees, and permanently enjoin all PAGA Releasees from pursuing or seeking to reopen the PAGA Claims against the Released Parties.

### IX. CONCLUSION

The parties have reached this class and PAGA settlement following extensive litigation, ongoing case discussions and arms-length negotiations. Plaintiff respectfully requests that the Court:

1. Grant final approval of the proposed class settlement and dismiss the PAGA Claims with prejudice as to Plaintiff and all PAGA Releasees;

2. Grant approval of the settlement of the PAGA claims;

3. Order payment from the settlement proceeds to the Settlement Administrator in compliance with the Settlement Agreement;

4. Grant the contemporaneously pending Motion for Approval of Attorneys' Fees and Costs and Representative Enhancement;

5. Enter the proposed Final Approval Order and Final Judgment submitted herewith; and

6. Retain continuing jurisdiction over the implementation, interpretation, administration and consummation of the settlement.

DATED: May 17, 2019          LAW OFFICES OF CHOI & ASSOCIATES, P.C.

By:   /S/ EDWARD W. CHOI
      Edward W. Choi, Esq.
      Attorney for Plaintiff and the Class

FIRMWIDE:164407161.4 091140.1003

15

**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT**