UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| EMMY SONG, as an individual and on behalf of all others similarly situated, | Case No. 8:17-cv-00965-JLS-DFMx |
| Plaintiffs, | **AMENDED JUDGMENT** |
| v. | |
| THC-ORANGE COUNTY, INC., a California Corporation; and DOES 1 through 100, inclusive, | |
| Defendants. | |

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Class and Representative Action Settlement Agreement And Stipulation and all exhibits thereto (collectively, the 'Settlement Agreement'), shall be incorporated into this Judgment as though all terms therein are set forth in full. (*See* Settlement Agreement, Ex. A hereto.) The capitalized terms in this Judgment shall have the meanings set forth in the Settlement Agreement. (*See id.*)

2. All claims asserted in this Action are DISMISSED WITH PREJUDICE as to Plaintiff Emmy Song, Class Members, and PAGA Releasees to the maximum extent permitted by law. Except as set forth in the Settlement Agreement and the Final Approval Order, each party is to bear her/its own attorneys' fees and costs.

3. All Class Members who did not properly and timely opt out from the Class Settlement are permanently enjoined from pursuing or seeking to reopen, any of the Settled Claims, as defined in the Settlement Agreement to the maximum extent permitted by law. All PAGA Releasees are permanently enjoined from pursuing, seeking to reopen, or to prosecute any of the PAGA Claims, as defined in the Settlement Agreement to the maximum extent permitted by law.

3. Without affecting the finality of the Judgment, the Court shall retain exclusive and continuing jurisdiction over the above-captioned action and the parties, including all Class Members, for purposes of supervising, administering, implementing, enforcing, and interpreting the Settlement Agreement.

IT IS SO ORDERED, ADJUDGED AND DECREED.

Dated: August 23, 2019

_____
HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

# Exhibit A

1   LARRY W. LEE, Bar No. 228175
    lwlee@diversitylaw.com
2   DIVERSITY LAW GROUP, P.C.
    515 S. Figueroa St., Suite 1250
3   Los Angeles, CA 90071
    Telephone: 213.488.6555
4   Facsimile: 213.488.6554

5   Attorneys for Plaintiff and the Class
    *** Additional Plaintiff's Counsel on Next Page
6
7   ELIZABETH STAGGS WILSON, Bar No. 183160
    estaggs-wilson@littler.com
8   JAMES PAYER, Bar No. 292158
    jpayer@littler.com
    Littler Mendelson, P.C.
9   633 West 5th Street, 63rd Floor
    Los Angeles, CA  90071
10  Telephone:  213.443.4300

11  MAGGY ATHANASIOUS, Bar No. 252137
    mathanasious@littler.com
12  JYOTI MITTAL, Bar No. 288084
    jmittal@littler.com
13  LITTLER MENDELSON, P.C.
    2049 Century Park East
14  5th Floor
    Los Angeles, CA  90067.3107
15  Telephone: 310.553.0308
    Facsimile:  310.553.5583
16
17  Attorneys for Defendant
    THC-ORANGE COUNTY, INC.

18

19                  UNITED STATES DISTRICT COURT

20                 CENTRAL DISTRICT OF CALIFORNIA

21                       SOUTHERN DIVISION

22  EMMY SONG, as an individual and on          Case No.  8:17-cv-00965-JLS-DFMx
    behalf of all others similarly situated,
23                                              ASSIGNED FOR ALL PURPOSES TO
                    Plaintiffs,                 JUDGE JOSEPHINE L. STATON
24
    v.                                          **CLASS AND REPRESENTATIVE
25                                              ACTION SETTLEMENT
    THC-ORANGE COUNTY, INC., a                  AGREEMENT AND STIPULATION**
26  California Corporation; and DOES 1
    through 100, inclusive,
27
                    Defendants.
28

## ADDITIONAL PLAINTIFF'S COUNSEL

EDWARD W. CHOI, Bar No. 211334
edward.choi@calaw.biz
LAW OFFICES OF CHOI & ASSOCIATES
515 S. Figueroa St., Suite 1250
Los Angeles, CA 90071
Telephone: 213.381.1515
Facsimile: 213.465.4885

ALEX CHA, Bar No. 208051
alex@alexchalaw.com
J. EDWARD KIM, Bar No. 282787
edward@alexchalaw.com
LAW OFFICES OF ALEX CHA
1055 W 7th St., Fl. 28
Los Angeles, CA 90017
Telephone: 213.351.3513
Facsimile: 213.351.3514

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

This Class and Representative Action Settlement Agreement and Stipulation ("Settlement" or "Settlement Agreement") is made and entered into by Plaintiff EMMY SONG, individually and as representative of the Class, as defined below ("Plaintiff" or "Class Representative"), and Defendant THC-ORANGE COUNTY, INC. ("Defendant").

This Agreement is subject to the approval of the Court, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1711 *et seq.* and California Labor Code section 2699, and is made for the sole purpose of attempting to consummate settlement of this Action on a class-wide and representative basis subject to the following terms and conditions. As detailed below, in the event the Court does not enter an order granting approval of the PAGA Settlement, as defined below, final approval of the Class Settlement, as defined below, or the conditions precedent are not met for any reason, this Agreement is void and of no force or effect whatsoever.

NOW THEREFORE, in consideration of the promises and warranties set forth below, and intending to be legally bound and acknowledging the sufficiency of the consideration and undertakings set forth below, Plaintiff, individually and as representative of the Class, and Defendant agree that the Action shall be, and is finally and fully compromised and settled on the following terms and conditions:

## I. FACTUAL AND PROCEDURAL BACKGROUND OF ACTION

1.1.    <u>Plaintiff's Claims</u>. On June 6, 2017, Plaintiff, on behalf of herself and all others similarly situated, commenced the Action by filing a Class Action Complaint against Defendant in the United States District Court, Central District of California, alleging the following causes of action: (1) failure to pay minimum and overtime wages (Cal. Labor Code §§ 510, 558, 1194, 1197, 1197.1); (2) failure to provide accurate wage statements (Cal. Labor Code § 226); (3) violations of the Unfair Practices Act (Cal. Bus. & Prof. Code §§ 17200, *et seq.*) and; (4) waiting time penalties (Cal. Labor Code §§ 201-203). Additionally, Plaintiff brought an individual failure to reimburse (Cal. Labor Code § 2802) claim on behalf of herself. On or about

May 31, 2017, Plaintiff provided written notice to the California Labor and Workforce Development Agency ("LWDA") pursuant to the Private Attorneys General Act of 2004 (Cal. Labor Code §§ 2698 *et seq.*) ("Plaintiff's May 31, 2017 LWDA Letter") and, following the expiration of the statutory waiting period, Plaintiff filed the First Amended Class Action Complaint on October 2, 2017, re-alleging each of the causes of action in the original complaint and alleging the following additional cause of action: (6) violations of the Private Attorneys General Act of 2004 ("PAGA") (Cal. Labor Code §§ 2698, et seq.). Thereafter, on or about January 11, 2019, Plaintiff provided a supplemental notice to the LWDA ("Plaintiff's January 11, 2019 Supplemental LWDA Letter").

1.2. <u>Defendant's Answer</u>. Defendant answered Plaintiff's original complaint on August 3, 2017, and answered the First Amended Class Action Complaint on October 20, 2017.

1.3. <u>Discovery, Investigation, and Research</u>. Class Counsel conducted significant discovery, research and investigation in furtherance of the prosecution of the Action. This discovery, investigation, research and prosecution included, among other things, (a) multiple conferences with Plaintiff and Defendant's counsel; (b) inspection and analysis of hundreds of pages of documents and other information produced by Plaintiff and Defendant formally and informally during the litigation of the Action and in preparation for mediation (including class time records and payroll records); (c) deposition of Defendant's Rule 30(b)(6) Person Most Knowledgeable, Kathy Lickteig, Director of Payroll Projects, covering a myriad of topics, including Defendant's practice and procedures regarding recording hours worked, payment of wages, rounding, itemized wage statements, and calculation and payment of overtime and minimum wages; (e) analysis of the numerous legal positions taken by Defendant; (f) investigation into the viability of class treatment of the claims asserted in the Action; (g) analysis of potential class-wide damages, including reviewing class time records and payroll records and analyzing information sufficient to understand

Defendant's potential defenses thereto; (h) research of the applicable law with respect to the claims asserted in the Complaint as well as the potential defenses thereto; (i) research and preparation of extensive briefing regarding class certification issues; and (j) assembling and analyzing extensive data and information for calculating damages. The Parties have determined that as of September 2018, the estimated size of the Class was approximately 5,065 Class Members.

The Class Representative has vigorously prosecuted this Action, and Defendant has vigorously contested it. The Parties have engaged in sufficient investigation and discovery to assess the relative merits of the claims of the Class Representative and of Defendant's defenses thereto.

1.4.    Motion for Certification.  On April 27, 2018, Plaintiff filed motion for class certification.  Defendant opposed the motion on May 25, 2018, and Plaintiff filed a reply on June 15, 2018.  Defendant filed a Notice of Supplemental Authority on July 9, 2018, which Plaintiff opposed on July 10, 2018.  On July 13, 2018, Plaintiff's Motion for Class Certification was heard before Judge Josephine L. Staton, and Judge Staton requested supplemental briefing from each party on the issue of whether a Court may deny class certification on the basis of a claim's failure as a matter of law, which each party filed on July 27, 2018.  On August 6, 2018, the Court granted Plaintiff's class certification motion.

1.5.    Mediation. The Parties attended mediation on July 2, 2018 before Robert Kaplan.  The matter did not settle on that date, but with mediator Kaplan's assistance, the Parties continued to negotiate, and in October 2018, they agreed, subject to approval by the Court, to the Settlement of the Action. The Parties further agreed to enter into this Agreement to memorialize their settlement of the Action.

1.6.    Allegations of the Class Representative and Benefits of Settlement. The extensive discovery conducted in this matter, the briefing, hearing, and ruling on Plaintiff's Motion for Class Certification, as well as discussions between counsel, have been adequate to give the Class Representative and Class Counsel a sound

understanding of the merits of their positions and to evaluate the worth of the claims of the Class. The discovery conducted in the Action and the information exchanged by the Parties through discovery and settlement discussions are sufficient to reliably assess the merits of the Parties' respective positions and to compromise the issues on a fair and equitable basis.

Class Counsel believes that the Settlement set forth in this Stipulation confers substantial benefits upon Plaintiff and the Class Members and that an independent review of this Agreement by the Court in the approval process will confirm this conclusion. Based on their own independent investigation and evaluation, Class Counsel has determined that the Settlement set forth in the Agreement is in the best interests of the Class Members.

1.7. <u>Defendant's Denial of Wrongdoing and Liability</u>. Defendant has denied and continues to deny each and all of the allegations, claims, and contentions alleged by Plaintiff in the Action. Defendant has expressly denied and continues to deny all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts or omissions alleged in the Action. Defendant contends that it complied in good faith with California wage and hour laws and has dealt legally and fairly with Plaintiff and Class Members. Defendant further denies that, for any purpose other than settling the Action, these claims are appropriate for class or representative treatment. Nonetheless, Defendant has concluded that further proceedings in the Action would be protracted and expensive and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Agreement in order to dispose of burdensome and protracted litigation, to permit the operation of Defendant's business without further expensive litigation and the distraction and diversion of its personnel with respect to matters at issue in the Action. Defendant has also taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as the Action. Defendant has, therefore, determined that it is desirable and beneficial to it that the

Action be settled in the manner and upon the terms and conditions set forth in this Stipulation.

1.8.   <u>Intent of the Settlement</u>. The Settlement set forth herein intends to achieve the following: (1) entry of an order approving the PAGA Settlement; (2) entry of an order approving the Class Settlement; (3) entry of judgment of the Action; (4) discharge of the Released Parties from liability for any and all of the PAGA Claims by the PAGA Releasees; (5) discharge of the Released Parties from liability for any and all of the Released Claims by the Plaintiff Class Members; and (6) discharge of Plaintiff from liability for any and all claims arising out of the Action.

## II. **DEFINITIONS**

As used in this Agreement, the following terms shall have the meanings specified below. To the extent terms or phrases used in this Agreement are not specifically defined below, but are defined elsewhere in this Agreement, they are incorporated by reference into this definition section.

2.1   "<u>Action</u>" refers to the civil action entitled *Emmy Song v. THC-Orange County, Inc.*, commenced on June 6, 2017, in the United States District Court, Central District of California, Case No.:  8:17-cv-00965-JLS-DFM.

2.2.   "<u>Administrative Expenses</u>" include all costs and expenses associated with and paid to the Settlement Administrator, which are anticipated not to exceed $40,000.00.

2.3.   "<u>Agreement</u>" means this Class and Representative Action Settlement Agreement and Stipulation, including any attached exhibits.

2.4   "<u>Class</u>" means "all persons who were employed by THC-Orange County, Inc. at any time as non-exempt employees from June 6, 2013 through and including the date the Preliminary Approval Order and Order Approving PAGA Settlement is entered by the Court."

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

2.5. "Class Counsel" refers to Larry W. Lee and Mai Tulyathan of Diversity Law Group, P.C., Edward W. Choi of Law Offices of Choi & Associates, and Alex Cha and J. Edward Kim of Law Offices of Alex Cha.

2.6. "Class Counsel's Fees and Expenses" means the amount awarded to Class Counsel by the Court to compensate them for their fees in prosecuting the Action, not to exceed $146,666.00, plus reasonable costs actually incurred, not to exceed $25,000.00 as determined by the Court.

2.7. "Class Member" means any person who is a member of the Class.

2.8. "Class Notices" means the two versions of the Notices of PAGA and Class Action Settlement, one directed to Class Members who are also PAGA Releasees and one directed to Class Members who are not PAGA Releasees, as set forth in the form of **Exhibit 1** attached hereto, or as otherwise approved by the Court, which are to be mailed to Class Members and PAGA Releasees.

2.9. "Class Representative" means Plaintiff Emmy Song.

2.10. "Class Settlement" means the non-PAGA portion of the settlement embodied in this Agreement, which is subject to Court's preliminary and final approval.

2.11. "Complaint" means the Class Action Complaint and the First Amended Class Action Complaint filed in the Action by Plaintiff, in the United States District Court, Central District.

2.12. "Court" means the United States District Court for the Central District of California.

2.13. "Defendant" means THC-Orange County, Inc.

2.14. "Defense Counsel" means Elizabeth Staggs Wilson, Maggy Athanasious, Jyoti Mittal, and James Payer of Littler Mendelson, P.C.

2.15. "Effective Date" of this Agreement means the date when all of the conditions set forth in Paragraph 7.7 have occurred.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

2.16. "Employee's Taxes and Required Withholdings" means the employee's share of any and all applicable federal, state or local payroll taxes, including those collected under authority of the Federal Insurance Contributions Act ("FICA"), FUTA and/or SUTA on the portion of any Plaintiff Class Member's Individual Settlement Payment that constitutes wages. The Employee's Taxes and Required Withholdings will be withheld from and paid out of the Net Settlement Fund.

2.17. "Employer's Taxes" means and refers to the employer's share of corporate federal, state and/or local payroll taxes, including Medicare taxes, Social Security taxes, federal unemployment taxes, state unemployment insurance taxes, and employment training taxes, that is owed on the portion of any Plaintiff Class Member's Individual Settlement Payment that constitutes wages and any Incentive Award that constitutes wages. The Employer's Taxes shall be paid from the Gross Settlement Fund.

2.18. "Final Approval Hearing" means the final hearing held to ascertain the fairness, reasonableness, and adequacy of the Class Settlement.

2.19. "Gross Settlement Fund" means the agreed upon non-reversionary settlement amount totaling $440,000.00 to be paid by Defendant in full settlement of the Released Claims and the PAGA Claims asserted in the Action, including the Administrative Expenses, Class Counsel's Fees and Expenses, any Court approved Incentive Award, the PAGA Payment, Employers' Taxes, the Net Settlement Fund and all other costs associated with the Settlement.

2.20. "Incentive Award" means any additional monetary payment provided to Emmy Song in her capacity as Class Representative, not to exceed $10,000.00, for her efforts and risks on behalf of the Class in the Action, as determined by the Court.

2.21. "Individual Settlement Payment" means the amount which is ultimately distributed to each Plaintiff Class Member from the Net Settlement Fund, net of any Employee's Taxes and Required Withholdings, separate and distinct from the Plaintiff Class Member's share of the PAGA Payment.

2.22. "Mailing Date" means the date that the Settlement Administrator initially mails by Regular United States Mail the Class Notices and PAGA Payment Checks to the Class Members and the PAGA Releasees.

2.23. "Net Settlement Fund" means the portion of the Gross Settlement Fund available for distribution to Plaintiff Class Members after deduction of Class Counsel's Fees and Expenses, the Incentive Award, the Administrative Expenses, all Employers' Taxes which must be remitted on Individual Settlement Payments and the Incentive Award, and the PAGA Payment.

2.24. "Notice Period" means the forty-five (45) calendar day period which begins on the Mailing Date. An Opt-Out Request must be returned to the Settlement Administrator with a postmark dated during the Notice Period to be valid and effective. An objection must be filed with the Court during the Notice Period to be considered. A written notice disputing the number of Shifts Worked must be returned to the Settlement Administrator with a postmark dated during the Notice Period for the Plaintiff Class Member to receive the Individual Settlement Payment.

2.25. "Opt-Out Request" means a written request from a Class Member requesting exclusion from the Class in accordance with the terms of the Agreement and the Class Notices.

2.26 "PAGA Claims" means all disputes, claims, and/or causes of action set forth in Paragraph 4.4.

2.27. "PAGA Payment" means the payment to the State of California LWDA and the PAGA Releasees in settlement of all claims for PAGA penalties.

2.28. "PAGA Payment Check" means the check issued to each PAGA Releasee for his/her share of the PAGA Payment.

2.29. "PAGA Releasee" means an individual who was employed by THC-Orange County, Inc. at any time as non-exempt employees from May 31, 2016 through and including January 11, 2019.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

2.30. "<u>PAGA Settlement</u>" means the PAGA portion of the settlement embodied in this Agreement, which is subject to Court's approval.

2.31. "<u>Parties</u>" means Plaintiff, individually and on behalf of all Class Members and all PAGA Releasees, and Defendant.

2.32. "<u>Plaintiff</u>" means the named Plaintiff in the Action, Emmy Song.

2.33. "<u>Plaintiff Class Member</u>" means each Class Member who has not timely and properly opted out of the Class Settlement pursuant to Paragraph 6.6 of this Agreement.

2.34. "<u>Preliminary Approval Order and Order Approving PAGA Settlement</u>" means an order from the Court: (1) preliminarily approving the Class Settlement; and (2) approving the PAGA Settlement. A copy of a proposed Preliminary Approval Order and Order Approving PAGA Settlement subject to Court approval is attached hereto as **Exhibit 2**.

2.35. "<u>Released Claims</u>" or "<u>Settled Claims</u>" mean all disputes, claims, and/or causes of action set forth in Paragraph 4.3.

Other than as provided in Paragraphs 4.3 and 4.4, it is understood and agreed that this Agreement will not release any person, party or entity from claims, if any, by Class Members for workers compensation, unemployment, or disability benefits of any nature, nor does it release any claims, actions, or causes of action which may be possessed by Class Members under state or federal discrimination statutes, specifically Cal. Fair Employment and Housing Act, Cal. Government Code § 12940, *et seq.*; the Unruh Civil Rights Act, Cal. Civil Code §51, *et seq.*; the California Constitution; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.*; the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.*; the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.*; and all of their implementing regulations and interpretive guidelines.

2.36. "<u>Released Parties</u>" means THC-Orange County, Inc., THC-Orange County, LLC, Kindred Healthcare, Inc., Kindred Healthcare Operating, Inc., Kindred

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Healthcare, LLC, Kindred Healthcare Operating, LLC, as well as any predecessors including but not limited to First Healthcare, Inc., Vencare, Inc., Ventas, Inc., Vencor, Inc., Vencor Healthcare, Inc., Vencor Hospital California, Inc., Vencor Operating, Inc., Transitional Hospitals Corporation, a Delaware corporation, Transitional Hospitals Corporation, a Nevada corporation, LV Acquisition Corp., and all of its/their current and former direct and indirect parents, subsidiaries, affiliated and related companies and entities, and all of its/their current and former officers, directors, employees, insurers, reinsurers, attorneys, and agents.

2.37. "Settlement" means the settlement of the Action effectuated by this Agreement between the Parties (including the Class Settlement and PAGA Settlement).

2.38. "Settlement Administrator" means an experienced, neutral third-party administrator approved by the Court responsible for administration of the Settlement and related matters.

2.39. "Settlement Period" means the period beginning on June 6, 2013 through and including the date the Preliminary Approval Order and Order Approving PAGA Settlement is entered by the Court.

2.40. "PAGA Settlement Period" means the period beginning on May 31, 2016 through and including January 11, 2019.

2.41. "Settlement Proceeds Distribution Deadline" means a date that is thirty (30) days after the Effective Date.

2.42. "Class Shifts Worked" means the number of shifts that a Class Member worked as a non-exempt employee for Defendant during the Settlement Period, as regularly recorded on Defendant's timekeeping systems then in effect. Where an employee punches out for greater than three (3) hours and then punches back in, the multiple time periods of being clocked in shall be treated as different shifts for purposes of determining "Class Shifts Worked".

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

10.

2.43. "PAGA Shifts Worked" means the number of shifts that a PAGA Releasee worked as a non-exempt employee for Defendant during the PAGA Settlement Period, as regularly recorded on Defendant's timekeeping systems then in effect. Where an employee punches out for greater than three (3) hours and then punches back in, the multiple time periods of being clocked in shall be treated as different shifts for purposes of determining "PAGA Shifts Worked".

## III. SETTLEMENT PAYMENT PROVISIONS

3.1. <u>Allocation of Gross Settlement Fund</u>. Subject to Court approval and the conditions specified in this Agreement, and in consideration of the mutual covenants and promises set forth herein, Defendant agrees to make a total settlement payment under this Agreement in the amount of $440,000, *i.e.*, Gross Settlement Fund. The Gross Settlement Fund includes, but is not limited to, payments to be made for (1) Class Counsel's Fees and Expenses; (2) the Plaintiff's Incentive Award; (3) Administrative Expenses; (4) PAGA Payment; (5) all Employers' Taxes; and (6) Net Settlement Fund. The Parties agree, subject to Court approval, that the Gross Settlement Fund shall be apportioned as follows:

a. At the Final Approval Hearing, Class Counsel will apply to the Court for an award of attorneys' fees incurred by Class Counsel in an amount not to exceed $146,666.00, which equals one-third of the Gross Settlement Fund. At the Final Approval Hearing, Class Counsel will also apply to the Court for recovery of actual costs incurred by Plaintiff's counsel in the Action, not to exceed $25,000. Notwithstanding, if the Court grants approval of the PAGA Settlement but does not grant final approval of this entire settlement, Class Counsel shall still be allowed to request an award of attorneys' fees in an amount not to exceed $22,000, and recovery of actual costs not to exceed $8,000 in connection with the PAGA Settlement. Defendant will not oppose such application provided that Class Counsel does not seek to recover more than the maximum amounts as stated in this Paragraph. Approval of

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

the Settlement shall not be contingent upon approval of the attorneys' fee award or the costs award.

These fees and costs are included in, and shall come from, the Gross Settlement Fund. The Class Counsel's Fees and Expenses approved by the Court shall encompass: (a) all work performed and costs and expenses incurred by, or at the direction of, any attorney purporting to represent the Class and/or PAGA Releasees through the date of this Agreement; (b) all work to be performed and costs to be incurred in connection with approval by the Court of the Settlement and the termination of this Action; (c) all work to be performed and costs and expenses, if any, incurred in connection with administering the Settlement through the termination of the Action, with prejudice; and (d) may be based inter alia on the Common Fund Doctrine and/or the Catalyst Theory.

Class Counsel must provide Defendant with IRS Forms W-9, so that Defendant may issue IRS Forms 1099 misc. To the extent attorneys' fees are not approved in the full amount of $146,666.00, as set forth above, then the amount not approved will be a part of the Net Settlement Fund for distribution to the Plaintiff Class Members on a pro rata basis pursuant to Paragraph 3.1(f). Similarly, to the extent costs sought by Class Counsel are not approved in their entirety, any sum not approved will be a part of the Net Settlement Fund for distribution to the Plaintiff Class Members on a pro rata basis pursuant to Paragraph 3.1(f). Except as provided in this Paragraph, upon final approval, each Party shall bear her or its own attorneys' fees, costs, and expenses incurred in the prosecution, defense, and settlement of the Action.

b. At the Final Approval Hearing, Class Counsel will apply to the Court for an Incentive Award in the amount of up to $10,000.00 to be paid to the Plaintiff for her services and for assuming the risks associated with this litigation. Defendant will not oppose such application. Approval of the Settlement shall not be contingent upon approval of the Incentive Award.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Any Incentive Award is included in, and shall come from, the Gross Settlement Fund. If the Court approves and awards an Incentive Award in an amount less than the $10,000.00, as set forth above, the amount not approved will be a part of the Net Settlement Fund for distribution to the Plaintiff Class Members on a pro rata basis pursuant to Paragraph 3.1(f). The Incentive Award payable to the Plaintiff shall be in addition to any payment she may receive pursuant to Paragraph 3.1(f), below.

c. Subject to Court approval, an amount of $33,000.00 shall be paid to the State of California LWDA. This amount is 75% of the $44,000.00 PAGA Payment that the Parties have agreed is to be paid in settlement of all claims for civil penalties under the Labor Code Private Attorneys General Act of 2004, Labor Code sections 2698, *et seq.* ("PAGA"). The remaining 25% of the $44,000.00 PAGA Payment shall be distributed pro rata to all PAGA Releasees, based on the number of PAGA Shifts Worked by a PAGA Releasee, as a fraction of the total PAGA Shifts Worked of all PAGA Releasees. The portion of the PAGA payment to the PAGA Releasees shall be treated entirely as penalties. PAGA Releasees will not have the opportunity to opt out or object to the PAGA Payment and/or release of PAGA Claims set forth in this Agreement although the PAGA Settlement will be subject to Court approval. In the event the LWDA rejects this allocation, the Parties will meet and confer with the Court and the LWDA to reach a penalty allocation acceptable to all parties that does not materially alter the terms of Settlement, nor require Defendant to pay more than the Gross Settlement Fund. At the same time that Plaintiff files her Motion for Preliminary Approval, Plaintiff shall send a copy of the Agreement to the LWDA pursuant to the 2016 amendments to PAGA. The PAGA Payment shall be paid from the Gross Settlement Fund.

d. Subject to Court approval, an amount of $40,000.00 will be set aside from the Gross Settlement Fund to cover any of the Settlement Administrator's Administrative Expenses. The Parties agree to propose RG2 as the Settlement

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

13.

Administrator. If any portion of the $40,000 amount for RG2 expenses remains unused, it will go to the Net Settlement Fund.

e. An appropriate amount will be set aside from the Gross Settlement Fund used to pay all Employers' Taxes. The Settlement Administrator shall calculate the Employers' Taxes and inform Defendant of the amount of Employers' Taxes to be paid by Defendant from the Gross Settlement Fund.

f. After deducting the amounts specified in Paragraphs 3.1(a)-(e), above, each Plaintiff Class Members shall be entitled to a pro rata portion of the remaining amount of the Gross Settlement Fund, which is known as the Net Settlement Fund. Individual Settlement Payments shall be awarded to Plaintiff Class Members from the Net Settlement Fund based on the number of Class Shifts Worked by the Plaintiff Class Member, as a fraction of the total Class Shifts Worked of all Plaintiff Class Members.

The Parties acknowledge and agree that the formula used to calculate Individual Settlement Payments does not imply that all of the elements of damages alleged in the Action are not being taken into account. The above formula was devised as a practical and logistical tool to simplify the settlement process.

The Parties agree that the entire amount of the Net Settlement Fund, less applicable Employee's Taxes and Required Withholdings, shall be distributed to Plaintiff Class Members. Any Class Member who is not a Plaintiff Class Member shall not receive an Individual Settlement Payment but if he/she is a PAGA Releasee, such individuals will still receive his/her pro rata share of the PAGA Payment to the PAGA Releasees.

3.2. Taxation of Settlement Proceeds. All Individual Settlement Payments paid to Plaintiff Class Members and any Incentive Award to Plaintiff shall be paid in a net amount after applicable state and federal withholdings, including payroll taxes, have been deducted.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

14.

a. The Parties agree that thirty-three and one-third percent (33⅓%) of the Individual Settlement Payment distributed to each Plaintiff Class Member will be considered wages, and will be reported as such to each Plaintiff Class Member on an IRS Form W-2. The Parties agree that thirty-three and one-third percent (33⅓%) of the Individual Settlement Payment distributed to each Plaintiff Class Member will be considered civil penalties, and will be reported as such to each Plaintiff Class Member on an IRS Form 1099 misc., if applicable. The Parties agree that thirty-three and one-third percent (33⅓%) of the Individual Settlement Payment distributed to each Plaintiff Class Member will be considered interest and will be reported as such to each Plaintiff Class Member on an IRS Form 1099 misc., if applicable. The foregoing tax allocation shall apply to sums paid to Plaintiff described in Paragraph 3.1(b). The Parties further agree that the PAGA payment distributed to each PAGA Releasee will be treated entirely as civil penalties, and will be reported as such to each PAGA Releasee on an IRS Form 1099 misc., if applicable.

b. The Settlement Administrator shall calculate, withhold from each Individual Settlement Payment and the Incentive Award, and remit to applicable governmental agencies sufficient amounts as may be owed by the Plaintiff Class Members and Plaintiff for applicable employee taxes. The Settlement Administrator will issue appropriate tax forms to each Plaintiff Class Member and PAGA Releasee consistent with the foregoing breakdown.

c. The Parties agree that the Gross Settlement Fund will qualify as a settlement fund pursuant to the requirements of section 468(B)(g) of the Internal Revenue Code of 1986, as amended, and section 1.468B-1. *et seq.* of the income tax regulations. Furthermore, the Settlement Administrator is hereby designated as the "Administrator" of the qualified settlement funds for purposes of section 1.46B-2(k) of the income tax regulations. As such, all taxes imposed on the gross income of the Gross Settlement Fund and any tax-related expenses arising from any income tax

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

return or other reporting document that may be required by the Internal Revenue Service or any state or local taxing body will be paid from the Gross Settlement Fund.

d.     All Parties represent that they have not received, and shall not rely on, advice or representations from the other Party or her/its agents regarding the tax treatment of payments under federal, state or local law.

3.3.     <u>No Credit Toward Benefit Plans</u>. Except as otherwise required by applicable plan documents, the Individual Settlement Payments, Incentive Award and PAGA Payment made to Plaintiff, Class Members and PAGA Releasees under this Agreement shall not be utilized to calculate any additional benefits under any benefit plans to which any Plaintiff, Class Members and/or PAGA Releasees may be eligible including, but not limited to: retirement plans, profit-sharing plans, bonus plans, 401(k) plans, stock purchase plans, vacation plans, sick leave plans, PTO plans, pension plans, or any other benefit plan. It is the Parties' intention that this Agreement will not affect any rights, contributions, or amounts to which Plaintiff, Class Members and PAGA Releasees may be entitled under any benefit plans.

## IV.  **RELEASE PROVISIONS**

4.1.     <u>Non-Admission Of Liability</u>. The Parties enter into this Agreement to resolve the dispute that has arisen between them and to avoid the burden, expense and risk of continued litigation. In entering into this Agreement, Defendant does not admit, and specifically denies, that it has violated any federal, state, or local law; violated any regulations or guidelines promulgated pursuant to any statute or any other applicable laws, regulations or legal requirements; breached any contract, violated or breached any duty; engaged in any misrepresentation or deception; or engaged in any other unlawful conduct with respect to the Plaintiff or any Class Member and/or PAGA Releasee. Neither this Agreement, nor any of its terms or provisions, nor any of the negotiations connected with it, shall be construed as an admission or concession by Defendant of any such violations or failures to comply with any applicable law. Except as necessary in a proceeding to enforce the terms of this Agreement, this

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

16.

Agreement and its terms and provisions shall not be offered or received as evidence in any action or proceeding to establish any liability or admission on the part of Defendant or to establish the existence of any condition constituting a violation of, or a non-compliance with, federal, state, local or other applicable law.

4.2.    Dismissal of Claims. Subject to final Court approval and the conditions specified in this Agreement, and in consideration of the mutual covenants and promises set forth herein, Plaintiff and all Plaintiff Class Members shall dismiss with prejudice all Released Claims, to the greatest extent permitted by law, and Plaintiff and all PAGA Releasees shall dismiss with prejudice the PAGA Claims to the greatest extent permitted by law.

4.3.    Release of All Settled Claims. As of the Effective Date and to the maximum extent permitted by law, Plaintiff and all Plaintiff Class Members (*i.e.*, all Class Members who do not properly opt-out) and all persons purporting to act on the Plaintiff Class Members' behalf or purporting to assert a claim under or through them, hereby do and shall be deemed to have fully, finally, and forever released, settled, compromised, relinquished and discharged any and all of the Released Parties of and from any and all of the following claims that arose at any time during the Settlement Period to the maximum extent permitted by law:

a.    Any claims for unpaid wages (including but not limited to minimum wages, regular wages and overtime pay), improper itemized wage statements, improper payroll records maintenance and failure to pay all wages due at the time of termination;

b.    Any claims under California Labor Code sections 201 through 203, 226, 510, 558, 1194, 1197, 1197.1 and 2698 *et seq*. and related provisions contained in the California Wage Orders; the California Business and Professions Code predicated on such Labor Code sections and California Wage Orders, including but not limited to Business and Professions Code section 17200 *et seq*.; and any claims under the Fair Labor Standards Act for unpaid wages (including but not limited

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

to minimum wages, regular wages and overtime pay), improper itemized wage statements, improper payroll records maintenance and failure to pay all wages due at the time of termination;

     c.    Any claims for damages, penalties, interest, attorney's fees and costs, injunctive relief, declaratory relief, restitution, fraudulent business practices, or punitive damages which were alleged or which could have been alleged based in whole or in part on the factual or legal allegations and/or claims in the Action, Plaintiff's May 31, 2017 LWDA Letter and/or Plaintiff's January 11, 2019 Supplemental LWDA Letter.

     All claims set forth in this Paragraph 4.3 shall be collectively referred to as the "Released Claims" or "Settled Claims."

     4.4    <u>Release of PAGA Claims</u>.    Upon the Court's approval of the PAGA Payment and this release of PAGA Claims, Plaintiff and the PAGA Releasees and all persons purporting to act on the PAGA Releasees' behalf or purporting to assert a claim under or through them, hereby do and shall be deemed to have fully, finally, and forever released, settled, compromised, relinquished and discharged any and all of the Released Parties of and from any and all PAGA claims premised in whole or in part on any of the claims set forth in sections (a) through (c) of Paragraph 4.3 above that arose at any time from May 31, 2016 through and including January 11, 2019 (collectively, the "PAGA Claims"). The PAGA Releasees will be issued a check for their share of the PAGA Payment and will not have the opportunity to opt out of, or object to, the PAGA Payment and release of the PAGA Claims set forth in this Paragraph. The PAGA Releasees are bound by the release of the PAGA Claims regardless of whether they cash their PAGA Payment Check.

     4.5    <u>Communication to the Class</u>. The Parties agree for settlement purposes only that, because the Class Members are so numerous, it is impossible or impracticable to have each Class Member execute this Agreement. Accordingly, the Class Notices will advise all Class Members of the binding nature of the release of

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

claims and such notices shall have the same force and effect as if the Agreement were executed by each Class Member.

4.6 <u>Representation by Plaintiff</u>. The Plaintiff and Class Counsel represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged, except as set forth herein.

4.7. <u>Waiver of CCP § 1542 by Plaintiff</u>. As to Plaintiff only, the releases set forth in Paragraphs 4.3 and 4.4 above are intended to collectively settle any and all of the Settled Claims and PAGA Claims, whether known or unknown, that she may have against the Released Parties for any acts or omissions occurring on or before the issuance of a Preliminary Approval Order and Order Approving PAGA Settlement. Therefore, as to the Settled Claims and PAGA Claims, Plaintiff waives any and all rights conferred upon her under section 1542 of the California Civil Code, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

In giving this release, Plaintiff acknowledges that she has been fully compensated in connection with her employment by Defendant and the termination of her employment and Plaintiff agrees to execute a confidential settlement agreement with a global release in which she will be provided separate consideration.

4.8. <u>Release of Claims by Class Counsel</u>. Upon receipt of Class Counsel's Fees and Expenses, as ordered by the Court on final approval of the Class Settlement, Class Counsel shall fully and finally release Defendant and the Released Parties from any and all claims for attorneys' fees and expenses arising from the Action and any claims released by the Plaintiff and Class Members, whether known and unknown, whether under federal, state and/or local law, statute, ordinance, regulation, common

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

19.

law, or other source of law. Class Counsel's Released Claims and PAGA Claims include, but are not limited to, claims for attorneys' fees and expenses arising from or dependent on the California Civil Code, the California Code of Civil Procedure, the California Labor Code; the Wage Orders of the California Industrial Welfare Commission; California Business and Professions Code sections 17200, *et seq.*; California Labor Code sections 2698, *et seq.*; the California common law of contract and tort, and the Fair Labor Standards Act.

4.9.    Labor Code Sections Do Not Apply To Releases. The Parties agree that California Labor Code sections 206.5 and 2804 do not invalidate any provision of this Agreement, because among other things, the claims and Released Claims and PAGA Claims are disputed and contested, and the Settlement was bargained for at arms' length and approved by the Court.

## V. CLASS CERTIFICATION AND CLASS COUNSEL

5.1.    Class Certification.  On August 8, 2018, the Court entered an Order certifying the following classes: (1) The Rounding Class defined as all current and former California non-exempt employees of Defendant who worked at any time during the period of June 6, 2013 through the present [i.e., August 8, 2018]; and (2) The Wage Statement Class defined as all current and former California non-exempt employees of Defendant who received wage statements for overtime wages at any time from June 6, 2016, through the present [i.e., August 8, 2018].

For settlement purposes only, the Parties agree that the broader Class as defined in Paragraph 2.4 herein and which will run through the date of preliminary approval, may be certified in the Action pursuant to Federal Rule of Civil Procedure 23.  The Parties are not certifying any PAGA claims.  In support of this Agreement, Plaintiff will request that the Court certify for settlement purposes the Class as to all non-PAGA claims that have been asserted, which Defendant shall not oppose or object to.

a.    The Parties intend their Class Settlement to be contingent upon the preliminary and final approval of each and every term of this Agreement, without

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

20.

material or substantive modification, unless the Parties agree to such modification. Except as expressly set forth in this Agreement, if the Court does not so approve this Agreement, the Parties intend this Agreement to become null and void, and unenforceable, in which event the settlement terms set forth herein, including any modifications made with the consent of the Parties, and any action taken or to be taken in connection with this Agreement shall be terminated and shall become null and void and have no further force or effect, and the Class certified pursuant to this Agreement will be decertified for all purposes, except where the approving Court has approved the PAGA Payment and release of the PAGA Claims set forth in this Agreement and Defendant has issued the PAGA Payment and any related attorneys' fees, costs, enhancement and administration expenses, the release of the PAGA Claims shall be binding.

     b.  Except as expressly set forth in this Agreement, in the event that the Court does not grant approval of the PAGA Settlement, preliminary or final approval of the Class Settlement, or in the event that this Agreement shall terminate or the Settlement embodied herein does not become effective for any reason, the Agreement and all negotiations, court orders and proceedings relating thereto shall be without prejudice to the rights of the Plaintiff, Class Members, PAGA Releasees, and Defendant, stricken from the record, each of whom shall be restored to her/their/its respective positions existing prior to the execution of this Agreement, and evidence relating to the Agreement and all negotiations shall not be discoverable or admissible in the Action or any other litigation, except where the approving Court has approved the PAGA Payment and release of the PAGA Claims set forth in this Agreement and Defendant has issued the PAGA Payment, the release of the PAGA Claims shall be binding. Defendant does not waive, and instead expressly reserves, its rights to challenge the propriety of class certification for any purpose should the Court not grant preliminary or final approval of the Parties' Settlement.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

21.

c. If the Court grants approval of the PAGA Settlement and preliminary approval of the Class Settlement but does not grant final approval of the Class Settlement, then the Preliminary Approval Order and Order Approving PAGA Settlement shall be vacated in its entirety, except where the approving Court has approved the PAGA Payment and release of the PAGA Claims set forth in this Agreement and Defendant has issued the PAGA Payment, the release of the PAGA Claims shall be binding. In addition, this Agreement, the Preliminary Approval Order and Order Approving PAGA Settlement, and any other document in any way relating to the Agreement or Settlement shall be stricken from the record and may not be relied upon, referred to or used in any way for any purpose in connection with any further proceedings in this or any related action, including class certification proceedings, except where the approving Court has approved the PAGA Payment and release of the PAGA Claims set forth in this Agreement and Defendant has issued the PAGA Payment, the release of the PAGA Claims shall be binding. Defendant does not waive, and instead expressly reserves, its rights to challenge the propriety of class certification for any purpose should the Court not grant final approval of the Class Settlement.

5.2. <u>Appointment of Class Counsel</u>. The Court approved Class Counsel as counsel for the classes certified in the August 8, 2018 Order. For purposes of this Agreement and subject to the Court's approval, the Parties hereby stipulate to the appointment of Class Counsel as counsel for the Class and the effectuation of the Class Settlement pursuant to this Agreement.

## VI. <u>NOTICE AND SETTLEMENT ADMINISTRATION PROCESS</u>

6.1. <u>Identification of Class Members and PAGA Releasees</u>. Within thirty (30) days after entry of the Preliminary Approval Order and Order Approving PAGA Settlement, Defendant shall provide to the Settlement Administrator a list of PAGA Releasees and Class Members that includes: (1) the names, last known addresses, last known personal telephone numbers (if known), and social security numbers of each

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

22.

Class Member/PAGA Releasee; (2) the total number of Class Shifts Worked by each Class Member and the total number of PAGA Shifts Worked by each PAGA Releasee; and (3) such other information that the Settlement Administrator requires to identify Class Members and PAGA Releasees. Defendant agrees to provide the list in an electronic format reasonably acceptable to the Settlement Administrator. The Settlement Administrator will keep the list confidential, use it only for the purposes described herein, and return it to Defendant upon completion of the settlement administration process.

6.2. <u>Individual Settlement Payment Calculation</u>. Based on the information in the PAGA Releasee/Class Member list and the formula set forth in Paragraph 3.1(f) above, the Settlement Administrator shall promptly calculate the share of PAGA Payment to every PAGA Releasee and an estimated Individual Settlement Payment for every Class Member, to be included in the individualized Class Notices to be sent to that Class Member, and shall prepare and mail a spreadsheet setting forth those calculations to Defense Counsel no fewer than five (5) days before mailing the Class Notices to Class Members. The Class Notices will inform each Class Member of his/her right to do nothing, dispute the number of Shifts Worked, opt out of the non-PAGA payment and release of non-PAGA claims or to object to the non-PAGA payment and release of non-PAGA claims. It will also inform Class Members that if they first request exclusion from, and opt out of, the Class Settlement and then object, the objections would not be considered valid and that if the Class Members object and then request exclusion from, and opt out of the Class Settlement, the Class Members would be deemed to have waived their objection.

6.3. <u>PAGA Payment Check</u>. Payment to the PAGA Releasees of their portion of the PAGA Payment shall be paid to each of them by way of a single check ("PAGA Payment Check"). The PAGA Payment Check represents the portion of the civil penalties awarded directly under PAGA.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

6.4     Notice Procedure. Within twenty (20) days after receipt of the list of Class Members/PAGA Releasees described in Paragraph 6.1 above, the Settlement Administrator shall mail the PAGA Payment Check (if applicable) and the Class Notices to each Class Member/PAGA Releasee whose address information is known. Prior to this mailing, the Settlement Administrator shall conduct a National Change of Address check as to each address.  The mailing shall be sent by first-class U.S. Mail, postage pre-paid. The date that the Settlement Administrator mails the Class Notices and the PAGA Payment Check is the Mailing Date. It shall be conclusively presumed that each and every Class Member whose Class Notice and PAGA Payment Check (if applicable) are not returned to the Settlement Administrator as undeliverable within thirty (30) calendar days after the Mailing Date has received the Class Notices and PAGA Payment Check (if applicable).

a.     The Settlement Administrator shall promptly re-mail any Class Notice and PAGA Payment Check returned by the Post Office with a forwarding address. It shall be conclusively presumed that those Class Members/PAGA Releasees whose re-mailed Class Notice and PAGA Payment Check are not returned to the Settlement Administrator as undeliverable within thirty (30) days after re-mailing has received the Class Notice and PAGA Payment Check.

b.     The Settlement Administrator shall conduct one additional address search/check via an appropriate skip tracing search for any Class Notice and PAGA Payment Check returned by the Post Office as "undeliverable." If an updated address is found, the Settlement Administrator shall promptly re-mail the Class Notice and PAGA Payment Check to that address one time.

c.     Class Counsel shall provide to the Court, at or before the Final Approval Hearing, a declaration from the Settlement Administrator confirming that the Class Notices were mailed to all Class Members and that all PAGA Payment Checks were mailed to all PAGA Releasees as required by this Agreement, as well as

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

1   any additional information Class Counsel and Defense Counsel both deem appropriate
2   to provide to the Court.

3            d.       The Class Notice shall state the formula to be used in calculating
4   Individual Settlement Payments as calculated by the Settlement Administrator. A
5   Plaintiff Class Member may seek to challenge his or her estimated Individual
6   Settlement Payment set forth in his or her Class Notice.  Such challenges must: (i) be
7   in writing; (ii) state the full name of the Class Member seeking the challenge;
8   (iii) include a statement that the Class Member is seeking to challenge his or her
9   estimated Individual Settlement Payment set forth in the Class Notice; (iv) state the
10  number of Class Shifts Worked the Class Member believes he or she has worked; (v)
11  signed by the Class Member seeking the challenge; and (v) mailed to the Settlement
12  Administrator with a postmark date on or before the expiration of the Notice Period.
13  A Plaintiff Class Member challenging his or her Individual Settlement Payment may
14  produce documentary evidence to the Settlement Administrator for consideration
15  and/or challenge. However, such challenge would not affect the amount the Plaintiff
16  Class Member receives as his/her share of the PAGA Payment.  The Settlement
17  Administrator will resolve the challenge and make a final and binding determination
18  without hearing or right of appeal. The personnel records, including payroll records,
19  of Defendant shall be considered by the Settlement Administrator as the presumptive
20  best evidence of the number of Class Shifts Worked.  Such challenges must be mailed
21  to the Settlement Administrator with a postmark date on or before the expiration of the
22  Notice Period.

23           e.       The Class Notice shall explain that if a Class Member does not
24  opt out of the Class Settlement, such Class Member will receive the Individual
25  Settlement Payment pursuant to the terms of this Agreement.  The Parties intend that
26  reasonable means be used to maximize the probability that all Class Members shall
27  receive the Class Notice.

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

25.

f.     Within ten (10) days after the close of the Notice Period, the Settlement Administrator will provide Defense Counsel with a report by name and last four digits of Social Security Number listing the amount of all Individual Settlement Payments to be made to the Plaintiff Class Members, a list by name of all Class Members who timely opted out under Paragraph 6.6, below, and a list by name of all Plaintiff Class Members who timely objected under Paragraph 6.8 below. Within that same time period, the Settlement Administrator will provide to Class Counsel a report stating the total number of Plaintiff Class Members, the total number of Class Members who timely opted out under Paragraph 6.6, below and the total number of Plaintiff Class Members who timely objected under Paragraph 6.8 below.

6.5.     Class Settlement Payment.  Any Class Member who wishes to become a Plaintiff Class Member and receive an Individual Settlement Payment must not opt out of the Class.

6.6     Opt-Out Procedure. Any Class Member who wishes to be excluded from the Class Settlement may seek exclusion under this paragraph. However, no PAGA Releasee can seek exclusion from the PAGA portion of the settlement.  Unless a Class Member timely and properly opts out of the Class Settlement described in this Agreement, he/she shall be a Plaintiff Class Member and shall be bound by all the terms and conditions of this Agreement, and shall also be bound by the Court's Order enjoining all Plaintiff Class Members from pursuing, or seeking to reopen, any of the Settled Claims against the Released Parties. A Class Member will not be entitled to opt out of the Class Settlement established by this Agreement unless he or she makes an Opt-Out Request. An Opt-Out Request must be: (i) made in writing; (ii) state the full name of the Class Member seeking exclusion; (iii) include a statement that the Class Member seeking exclusion from the Settlement requests exclusion from the Class and does not wish to participate in the Settlement; (iv) signed by the Class Member seeking exclusion from the Settlement; and (v) mailed to the Settlement Administrator with a postmark date on or before the expiration of the Notice Period.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

26.

The Opt-Out Request must be completed by the Class Member seeking exclusion from the Class Settlement. No other person may opt out for a Class Member. Any Class Member who properly opts out of the Class Settlement using this procedure will not be entitled to an Individual Settlement Payment and will not be bound by the Settlement or have any right to object, appeal or comment thereon, except that a Class Member that is also a PAGA Releasee will be bound by the release of PAGA Claims set forth in this Agreement and will be issued the PAGA Releasee's share of the PAGA Payment.

PAGA Releasees will not have the opportunity to opt out or object to the PAGA Payment and/or release of PAGA Claims although the PAGA Payment will be subject to Court approval.

a.     Upon receipt of any Opt-Out Request within the Notice Period, the Settlement Administrator shall review the request to verify the information contained therein, and to confirm that the request complies with the requirements of this Agreement.

b.     Any Class Member who fails to submit a timely, complete and valid Opt-Out Request shall be barred from opting out of this Agreement or the Settlement. The Settlement Administrator shall not review or consider any Opt-Out Request postmarked after the end of the Notice Period. It shall be conclusively presumed that, if an Opt-Out Request is not postmarked on or, before the end of the Notice Period or is not received by the Settlement Administrator, the Class Member did not make the request in a timely or valid manner. Under no circumstances shall the Settlement Administrator have the authority to extend the deadline for Class Members to submit an Opt-Out Request.

c.     The Settlement Administrator shall give Class Counsel and Defense Counsel a weekly update on the number of Opt-Out Request it receives that week.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

27.

6.7.   <u>Excessive Opt-Out Requests</u>.  If five percent (5%) of more of Class Members timely opt out of the Class Settlement, Defendant shall have the sole and absolute discretion to rescind/void the Settlement within twenty (20) days after receiving from the Settlement Administrator the final list of opt-outs. Defendant agrees to meet and confer in good faith with Class Counsel before rescinding or voiding the Settlement. In the event that Defendant elects to rescind/void the Settlement, they shall provide written notice of such rescission to Class Counsel. Such rescission shall have the same effect as a termination of this Agreement for failure to satisfy a condition of settlement, and the Agreement shall become null and void and have no further force or effect, and the Class certified pursuant to this Agreement will be decertified for all purposes, except where the approving Court has approved the PAGA Payment and release of the PAGA Claims set forth in this Agreement and Defendant has issued the PAGA Payment, the release of the PAGA Claims shall be binding.  If Defendant chooses to terminate this Agreement under this provision, it shall be responsible to pay the Settlement Administrator's fees and costs incurred to that point.

6.8.   <u>Objections to Class Settlement</u>.   Any Plaintiff Class Member may object to the Class Settlement. Plaintiff Class Members who wish to object must send their written objections to the Court only by the close of the Notice Period. All objections will be scanned into the electronic case docket and the Parties will receive electronic notices of filing. An objection must state the specific grounds on which it is being made and all supporting facts. The Class Notice will state in substance:

> Any member of the settlement Class who has not opted out can ask the Court to deny approval of the settlement by filing an objection. You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no additional settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

> You may object to the proposed settlement in writing, except you may not object to the PAGA Payment and release of PAGA Claims. You may also appear at the Final Approval Hearing, either in person or through your attorney. If you appear through your own attorney, you are responsible for

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

28.

paying that attorney. All written objections and supporting papers must (a) clearly identify the case and number (*Song v. THC-Orange County, Inc.*, Case No.: 8:17-cv-00965-JLS-DFM), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Central District of California, Southern Division, 411 W. 4th Street, Santa Ana, CA 92701, or by filing them in person at any location of the United States District Court for the Central District of California, and (c) be filed or postmarked on or before [insert date of the close of the Notice Period]. Class Members who fail to timely mail or file such a written statement of objection shall be foreclosed from making any objection to this Settlement.

Class Members who fail to timely file and serve such a written statement of objection shall be foreclosed from making any objection to this Settlement. Only Plaintiff Class Members may object to the Class Settlement. If an objector intends to appear at the Final Approval Hearing, either in person or through an attorney of his/her choice, he or she must also serve and file with his or her objection, a Notice of Intention to Appear. This Paragraph shall be strictly applied and enforced. Failure to comply with its terms shall render an objection ineffective and waived.

6.9.    <u>Funding and Distribution of Settlement</u>.    Within thirty-five (35) calendar days after the Court approves the PAGA Payment and the release of the PAGA Claims, Defendant shall transfer to the Settlement Administrator an amount equal to the PAGA Payment approved by the Court. Within twenty (20) calendar days after the Effective Date, Defendant shall transfer to the Settlement Administrator an amount equal to the Gross Settlement Fund, less the PAGA Payment. The delivery of the Gross Settlement Fund to the Settlement Administrator shall constitute full and complete discharge of the entire obligation of Defendant under this Agreement. Once Defendant has made such payments, it will be deemed to have satisfied all terms and conditions under this Agreement, shall be entitled to all protections afforded to Defendant under this Agreement, and shall have no further obligations under the terms of the Agreement regardless of what occurs with respect to those sums. Additionally, no Released Party shall have any further obligation or liability to the Plaintiff, PAGA Releases or Class Members under this Agreement. Notwithstanding, if the Court grants approval of the PAGA Settlement but does not grant final approval of this

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

29.

entire settlement, any attorneys' fees and costs, enhancement, and administration expenses awarded in connection with the PAGA Settlement, Defendant shall transfer all such amounts to the Settlement Administrator within thirty (30) calendar days of any such denial of final approval.

a.     The distribution of the PAGA Payments shall occur on the Mailing Date. The distribution of Individual Settlement Payments to Plaintiff Class Members shall occur on the Settlement Proceeds Distribution Deadline. The Settlement Administrator shall be deemed to have timely distributed all such payments to the Class if it places in the mail Individual Settlement Payments for all Plaintiff Class Members and the PAGA payments to the PAGA Releasees and the State of California LWDA by the applicable deadlines set forth in this Agreement or by the deadlines set by the Court. No person shall have any claim against the Settlement Administrator, Defendant, Class Counsel, Defense Counsel, or any other agent designated by the Plaintiff or Defendant based upon the distribution of Individual Settlement Payments and the PAGA Payments made substantially in accordance with this Agreement or further orders of the Court.

b.     Any settlement checks that are not claimed or not negotiated within 90 days after distribution by the Settlement Administrator shall be void. Any funds not distributed after the expiration of the settlement checks shall escheat to the State of California Department of Industrial Relations' Unclaimed Wage Fund and be in the name of the Class Member who is the payee of the check.

c.     Except as otherwise stated in this Agreement, the Settlement Administrator's distribution of Class Counsel's Fees and Expenses and the Incentive Award from the Gross Settlement Fund shall occur on the Settlement Proceeds Distribution Deadline. Upon such payment, Defendant, the Released Parties, Defense Counsel, and the Settlement Administrator shall have no further liability or responsibility to Plaintiff, Class Counsel or to any vendors or third parties employed by the Plaintiff or Class Counsel.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

30.

d. Defendant shall not be obligated to make any payments contemplated by this Agreement until the conditions set forth in this Agreement occur.

6.10. <u>CAFA Notice</u>. The Court's subject matter jurisdiction over the Action is based on CAFA. Pursuant to the requirements of the CAFA, within ten (10) days after this Settlement is filed in Court, Defendant will serve the United States Attorney General and appropriate state officials with a notice of the Settlement. The notice shall comply with the requirements of the CAFA.

## VII. <u>COURT APPROVAL AND EFFECTIVE DATES</u>

7.1. <u>Binding Effect of Agreement on Class Members</u>. Upon final Court approval, all Plaintiff Class Members shall be bound by this Agreement, and the Action and the Settled Claims shall be dismissed with prejudice and released as against the Released Parties to the greatest extent permitted by law. In addition, unless a Class Member effectively opts out of the Settlement, he or she shall be bound by the Court's Order enjoining all Plaintiff Class Members from pursuing or seeking to reopen Settled Claims against the Released Parties to the greatest extent permitted by law. Upon Court approval of the PAGA Payment and the release of the PAGA Claims, all PAGA Releasees shall be bound by the release of the PAGA Claims and the PAGA Claims shall be dismissed with prejudice and released as against all the Released Parties to the greatest extent permitted by law.

7.2 <u>Preliminary Approval Order and Order Approving PAGA Settlement</u>. Upon execution of this Agreement, the Plaintiff shall file a motion in the Action requesting that the Court enter a Preliminary Approval Order and Order Approving PAGA Settlement as follows:

a. Approving the PAGA Settlement, including the PAGA Payment, distribution plan of the PAGA Payment, and the release of the PAGA Claims set forth in this Agreement and preliminarily approving for settlement purposes only the remaining portions of the proposed Settlement;

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

31.

b.    Dismissing the PAGA Claims asserted in the Action with prejudice as to the Plaintiff and all PAGA Releasees and permanently enjoining all PAGA Releasees from pursuing or seeking to reopen the PAGA Claims against the Released Parties;

c.    Preliminarily approving the appointment of the Plaintiff as representative of the Class for settlement purposes only;

d.    Preliminarily approving the appointment of Class Counsel as counsel for the Class for settlement purposes only;

e.    Appointing and approving the Settlement Administrator as chosen by the Parties and approved by the Court, to administer the claims and settlement payment procedures required by this Agreement;

f.    Approving the form of the Class Notices, and requiring that individualized Class Notice be sent to Class Members;

g.    Approving the plan for the provision of notice to Class Members, as stated herein and in the Class Notices;

h.    Scheduling the Final Approval Hearing for consideration of class certification for settlement purposes and final approval of this Agreement;

i.    Approving the procedure for Class Members to challenge the estimated Individual Settlement Payment set forth in the Class Notice and the date after which no Class Member shall be allowed to submit a challenge;

j.    Approving the procedure for Class Members to opt out of the Class Settlement and the date after which no Class Member shall be allowed to submit a request to opt out; and

k.    Approving the procedure for Plaintiff Class Members to object to the Class Settlement and the date after which no Class Member shall be allowed to object.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

7.3.    Should the LWDA provide notice of intent to investigate the alleged violations set forth in Plaintiff's January 11, 2019 Supplemental LWDA Letter, this Agreement is deemed null and void.

7.4.    <u>Non-Interference With Settlement Procedure</u>. The Parties and their counsel agree that they shall not seek to solicit or otherwise encourage Class Members to submit an Opt-Out Request or an objection to the Settlement or to appeal from the Preliminary Approval Order and Order Approving PAGA Settlement, Final Approval Order or Final Judgment.

7.5.    <u>Final Approval Order</u>. The Plaintiff (or the Plaintiff jointly with Defendant) will request that the Court enter, after the Final Approval Hearing finally approving the Class Settlement, a Final Approval Order in a form substantially similar to the final approval order attached as **Exhibit 3**. The Plaintiff (or the Plaintiff jointly with Defendant) will request that the Final Approval Order certify the Class for settlement purposes; find that this Agreement is fair, just, equitable, reasonable, adequate and in the best interests of the Class; permanently enjoin all Plaintiff Class Members from pursuing or seeking to reopen Settled Claims against the Released Parties; and require the Parties to carry out the provisions of this Agreement.  Plaintiff agrees to provide her motion for final approval of the class settlement to Defendant for review no later than seven (7) days before the filing date.

7.6.    <u>Entry of Final Judgment</u>. The Plaintiff (or the Plaintiff jointly with Defendant) will request that the Court enter, after the Final Approval Hearing, a Final Judgment in the form substantially similar to the Final Judgment attached as **Exhibit 4**.

7.7.    <u>Effective Date Of Agreement</u>. The "Effective Date" of the Class Settlement portion of this Agreement shall be the latter of the last date by which all appeals of the Judgment could be filed or when actual appeals are exhausted such that the Judgment becomes final. The Effective Date is conditioned upon all of the following occurring:

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

a.　　　This Agreement has been signed by the Parties and Class Counsel;

b.　　　The Court has entered a Preliminary Approval Order and Order Approving PAGA Settlement substantially similar to the Preliminary Approval Order and Order Approving PAGA Settlement attached hereto as **Exhibit 2**;

c.　　　The Class Notice has been mailed to the Class Members as ordered by the Court in this Action;

d.　　　The Court has entered a Final Approval Order in a form substantially similar to the Final Approval Order attached hereto as **Exhibit 3**;

e.　　　The Court has entered a Final Judgment dismissing the Action in a form substantially similar to the Final Judgment attached hereto as **Exhibit 4**; and

f.　　　Settlement Administrator has provided Defense Counsel with written wire/bank transfer instructions, including the Settlement Administrator's address, the bank name, bank address, account number, account name, ABA number, and SWIFT Code.

The effective date of the PAGA Settlement portion of this Agreement, including the release of the PAGA Claims, shall be the date the approving Court has approved the PAGA Payment and release of the PAGA Claims set forth in this Agreement.

7.8.　　__Automatic Voiding of Agreement if Settlement Not Finalized__. If for any reason the Settlement set forth in this Agreement does not become final, the Settlement shall be null and void and all orders, judgment, and dismissal entered pursuant to this Agreement shall be vacated, and the Parties will be returned to the status quo prior to entering this Agreement with respect to the Action, as if the Parties had never entered into this Agreement, and the settlement class certified pursuant to this Agreement will be decertified for all purposes, except where the approving Court has approved the PAGA Payment and release of the PAGA Claims set forth in this Agreement and Defendant has issued the PAGA Payment, the release of the PAGA

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

Claims shall be binding. In addition, in such event, the Agreement (including all exhibits, drafts and related documents, papers, and communications) and all negotiations, court orders and proceedings relating thereto shall be without prejudice to the rights of any and all Parties hereto, and evidence relating to the Agreement (including all exhibits, drafts and related documents, papers, and communications) and all negotiations shall not be admissible or discoverable in the Action or otherwise, except where the approving Court has approved the PAGA Payment and release of the PAGA Claims set forth in this Agreement and Defendant has issued the PAGA Payment, the release of the PAGA Claims shall be binding.

7.9. <u>Confidentiality and Non-Disparagement and Returning Documents</u>. The Parties agree that the terms of the Agreement shall be confidential until the filing of Plaintiff's Motion for Preliminary Approval. This confidentiality agreement shall not prevent any counsel from conferring with and advising clients who have retained them, provided that the clients agree to abide by this temporary confidentiality agreement.

a. The Plaintiff agrees that she shall not promote, or publicize the filing of this Action, the Parties' Settlement, this Agreement and its terms, or the negotiations leading to this Agreement with anyone other than the Court. Notwithstanding the foregoing, the Plaintiff may disclose the terms of this Agreement to her spouse, Class Members, to those persons to whom disclosure is necessary for the preparation of tax returns and other financial reports, and to persons to whom disclosure is ordered by a court of competent jurisdiction or otherwise required by law. Plaintiff agrees that she may disclose the terms of the Settlement to her spouse, but only so long as she first obtains her spouse's express agreement to maintain that information in confidence.

b. The Parties and their counsel agree that they will not issue any press releases, engage in any communications, or take any other action that would directly or indirectly provide the press or media or any litigation reporting service

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

with information about this Action, this Agreement, or the Parties' Settlement or would otherwise enable or allow the press or other media or any litigation reporting service to learn or obtain such information; except that Defendant shall have the right to disclose the Settlement and information related thereto as may be required under federal or state securities laws, under generally accepted accounting principles, or in Defendant's judgment are required under the ordinary course of business, and Defendant shall also have the right to respond in reasonably general terms to inquiries from the media and investment-related entities. Plaintiff and her counsel agree not to post any information concerning this Settlement on the internet or social media, including Facebook, Twitter, Instagram and Snapchat. The Parties and their counsel further agree that they will not post any information regarding this Agreement or the Settlement on their internet websites or take any such action that would cause or allow such information to be posted on any other internet website or on the web.

7.10. <u>Invalidation of Agreement for Failure to Satisfy Conditions</u>. The terms and provisions of this Agreement are not recitals, but are deemed to constitute contractual terms. In the event that any of the material terms or conditions set forth in this Agreement are not fully and completely satisfied, this Agreement shall terminate and all terms of the Agreement including, but not limited to, the conditional certification of the Class, the payment of Individual Settlement Amounts to Plaintiff Class Members, the payment of attorneys' fees and costs to Class Counsel, the Incentive Award to the Plaintiff, and the payment of the PAGA Payment shall be null and void. In such event, nothing in this Agreement shall be used, construed or admissible as evidence by or against any Party or Released Party as a determination, admission, or concession of any issue of law or fact in this Action, or in any other proceeding for any purpose; and the Parties do not waive, and instead expressly reserve, their respective rights to prosecute and defend this Action as if this Agreement never existed. In addition, notwithstanding the generality of the foregoing, if this Agreement is terminated for failure to satisfy any of the terms or conditions of

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

36.

this Agreement, Defendant shall not be obligated to create or maintain any type of settlement fund, and shall not be obligated to pay any amount in the Gross Settlement Fund to any Class Member and/or PAGA Releasee, to Class Counsel, to the Settlement Administrator, to the State of California or to the Plaintiff. In event the approving Court has approved the PAGA Payment and release of the PAGA Claims set forth in this Agreement and Defendant has issued the PAGA Payment, the release of the PAGA Claims shall be binding.

## VIII.  GENERAL PROVISIONS

8.1.  <u>Notices</u>. All notices, requests, demands and other communications required or permitted to be given pursuant to this Agreement shall be in writing, and shall be delivered personally or by first class mail to the Settlement Administrator appointed by the Court and to counsel at their respective addresses as set forth below:

**CLASS COUNSEL**

Larry W. Lee
Diversity Law Group, P.C.
515 S. Figueroa Street, Suite 1250
Los Angeles, CA 90071

Edward W. Choi
Law Offices of Choi & Associates
515 S. Figueroa Street, Suite 1250
Los Angeles, CA 90071

Alex Cha
J. Edward Kim
Law Offices of Alex Cha
1055 W. 7th Street, Floor 28
Los Angeles, CA 90017

**DEFENSE COUNSEL**

Elizabeth Staggs Wilson
James Payer
Littler Mendelson, P.C.
633 West 5th Street, 63rd Floor
Los Angeles, CA 90071

Maggy Athanasious
Jyoti Mittal
Littler Mendelson, P.C.
2049 Century Park East, 5th Floor
Los Angeles, CA 90067.3107

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

8.2. <u>Modification in Writing</u>. This Agreement may be altered, amended, modified or waived, in whole or in part, only in a writing signed by all signatories to this Agreement. This Agreement may not be amended, altered, modified or waived, in whole or in part, orally.

8.3. <u>Ongoing Cooperation</u>. The Parties shall support the Settlement, execute all documents and take such steps as are reasonably necessary to effectuate the Settlement and the terms of this Agreement, including but not limited to reducing the amount of the Gross Settlement Fund by an amount proportionate to the amount of the Employers' Taxes should the Court not approve the Employers' Taxes be paid out of the Gross Settlement Fund. Neither the Parties nor their counsel shall directly or indirectly encourage Class Members to opt out or object to the Settlement. The execution of documents must take place prior to the Preliminary Approval Hearing.

8.4. <u>Binding Agreement</u>. This Agreement shall be binding and shall inure to the benefit of the Parties and their respective successors, assigns, executors, administrators, heirs and legal representatives.

8.5. <u>Entire Agreement</u>. This Agreement constitutes the full, complete and entire understanding, agreement and arrangement between the Plaintiff and the Class Members on the one hand, and Defendant on the other hand, with respect to the Settlement of the Action and the Settled Claims and PAGA Claims against the Released Parties. This Settlement Agreement supersedes any and all prior oral or written understandings, agreements and arrangements between the Parties with respect to the Settlement of the Action and the Settled Claims and PAGA Claims against the Released Persons. Except for those set forth expressly in this Agreement, there are no other agreements, covenants, promises, representations or arrangements between the Parties with respect to the Settlement of the Action and the Settled Claims and PAGA Claims against the Released Parties. The Parties explicitly recognize California Civil Code section 1625 and California Code of Civil Procedure section 1856(a), which

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

provide that a written agreement is to be construed according to its terms, and may not be varied or contradicted by extrinsic evidence, and agree that no such extrinsic oral or written representations or terms shall modify, vary, or contradict the terms of this Agreement.

8.6.    Multiple Originals/Execution in Counterpart. This Agreement may be signed in one or more counterparts. All executed copies of this Agreement, and photocopies thereof (including facsimile copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

8.7.    Captions. The captions and section numbers in this Agreement are inserted for the reader's convenience, and in no way define, limit, construe, or describe the scope or intent of the provisions of this Agreement.

8.8.    Governing Law. This Agreement shall be interpreted, construed, enforced, and administered in accordance with the laws of the State of California.

8.9.    Reservation of Jurisdiction. Notwithstanding the dismissal of this Action and entry of Final Judgment, the Court shall retain exclusive jurisdiction for purposes of interpreting and enforcing the terms of this Agreement.

8.10.    Mutual Preparation. The Parties have had a full opportunity to negotiate the terms and conditions of this Agreement. Accordingly, this Agreement shall not be construed more strictly against one party than another merely by virtue of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that, because of the arms-length negotiations between the Parties, all Parties have contributed to the preparation of this Agreement.

8.11.    Severability. The Parties to this Agreement agree, covenant, and represent that each and every provision of this Agreement shall be deemed to be contractual, and that they shall not be treated as mere recitals at any time or for any purpose. Therefore, the Parties further agree, covenant, and represent that each and every provision of this Agreement shall be considered severable, except for the release provisions of Section IV of this Agreement. If a court of competent jurisdiction finds

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

39.

the release provisions of Section IV of this Agreement to be unenforceable or invalid as against a Class Member, then this Agreement shall become voidable and the payments made pursuant to this Agreement to that Class Member shall be returned to Defendant by that Class Member as to whom the release provisions have been found unenforceable or invalid. If a court of competent jurisdiction finds any provision, other than the release provisions of Section IV, or part thereof to be invalid or unenforceable for any reason, that provision, or part thereof, shall be severed from the Agreement, and all of the remaining provisions of this Agreement shall remain in full force and effect.

8.12.　_Warranties and Representations_. With respect to themselves, each of the Parties to this Agreement and or their agent or counsel represents, covenants and warrants that (a) they have full power and authority to enter into and consummate all transactions contemplated by this Agreement and have duly authorized the execution, delivery and performance of this Agreement; and (b) the person executing this Agreement has the full right, power and authority to enter into this Agreement on behalf of the party for whom he/she has executed this Agreement, and the full right, power and authority to execute any and all necessary instruments in connection herewith, and to fully bind such party to the terms and obligations of this Agreement.

8.13.　_Representation by Counsel_. The Parties acknowledge that they have been represented by counsel throughout all negotiations that preceded the execution of this Agreement, and that this Agreement has been executed with the consent and advice of counsel. Further, the Plaintiff and Class Counsel warrant and represent that there are no liens on the Agreement, and that Defendant may distribute funds to the Class Members, Class Counsel, and the Plaintiff as provided by this Agreement.

8.14.　_Action to Enforce Agreement_. In any suit or court action to enforce the terms of this Agreement, the prevailing party shall be entitled to recover her or its attorneys' fees and costs.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

8.15.  Authorization by Plaintiff. The Plaintiff authorizes Class Counsel to sign this Agreement and further agrees not to request to be excluded from the Class and not to object to any terms of this Agreement. Any such request for exclusion or objection shall therefore be void and of no force or effect.

**IN WITNESS WHEREOF,** the Parties and their counsel have executed this Agreement on the date below their signatures or the signature of their representatives. The date of the Agreement shall be the date of the latest signature.

**IT IS SO STIPULATED AND AGREED:**

Dated: _ 0/-11- _ , 2019

Emmy Song
Plaintiff/Class Representative

**DEFENDANT THC-ORANGE COUNTY, INC.**

Dated: _____, 2019     By: _____
                                      Deidra Byrd
                                      Senior Vice President and Chief
                                      Employment Counsel

Dated: _____, 2019     _____

                                      Larry Lee
                                      Counsel for Plaintiff and the Class

Dated: _____, 2019     _____

                                      Edward Choi
                                      Counsel for Plaintiff and the Class

'LER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles  CA  90067 3107
310 553 0308

1    8.15.   Authorization by Plaintiff. The Plaintiff authorizes Class Counsel to

2 sign this Agreement and further agrees not to request to be excluded from the Class

3 and not to object to any terms of this Agreement. Any such request for exclusion or

4 objection shall therefore be void and of no force or effect.

5    **IN WITNESS WHEREOF,** the Parties and their counsel have executed this

6 Agreement on the date below their signatures or the signature of their representatives.

7 The date of the Agreement shall be the date of the latest signature.

8    **IT IS SO STIPULATED AND AGREED:**

9

10

11 Dated:_____, 2019          _____

12                                         Emmy Song
                                          Plaintiff/Class Representative

13

14                                        **DEFENDANT THC-ORANGE
                                          COUNTY, INC.**

15

16 Dated: _January  10_____, 2019         By:_____

17                                           Deidra Byrd

18                                           Senior Vice President and Chief
                                             Employment Counsel

19

20

21

22 Dated:_____, 2019          _____

23                                         Larry Lee
                                          Counsel for Plaintiff and the Class

24

25

26 Dated:_____, 2019          _____

27                                         Edward Choi
                                          Counsel for Plaintiff and the Class

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

8.15.  Authorization by Plaintiff. The Plaintiff authorizes Class Counsel to sign this Agreement and further agrees not to request to be excluded from the Class and not to object to any terms of this Agreement. Any such request for exclusion or objection shall therefore be void and of no force or effect.

**IN WITNESS WHEREOF,** the Parties and their counsel have executed this Agreement on the date below their signatures or the signature of their representatives. The date of the Agreement shall be the date of the latest signature.

**IT IS SO STIPULATED AND AGREED:**

Dated:_____, 2019  _____

Emmy Song
Plaintiff/Class Representative

**DEFENDANT THC-ORANGE COUNTY, INC.**

Dated:_____, 2019  By:_____

Deidra Byrd
Senior Vice President and Chief Employment Counsel

Dated: January 11, 2019  _____

Larry Lee
Counsel for Plaintiff and the Class

Dated: 1/11, 2019  _____

Edward Choi
Counsel for Plaintiff and the Class

ITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

1

2

3  Dated: _____1/18/19_____, 2019

4

5

6

7

8  Dated: ____January 11____, 2019

9

10

11

12

13

14

15  FIRMWIDE:160193309.13 091140.1003

16

17

18

19

20

21

22

23

24

25

26

27

28

Alex Cha
Counsel for Plaintiff and the Class


Elizabeth Staggs Wilson
Counsel for Defendant

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

# EXHIBIT 1

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EMMY SONG, as an individual and on behalf of all others similarly situated,<br><br>         Plaintiffs,<br><br>v.<br><br>THC-ORANGE COUNTY, INC., a California Corporation; and DOES 1 through 100, inclusive,<br><br>         Defendants. | Case No. 8:17-cv-00965-JLS-DFMx<br><br>**NOTICE OF PAGA AND CLASS ACTION SETTLEMENT** |

<<FIRST AND LAST NAME>>
<<ADDRESS>>
<<CITY AND ZIP CODE>>

**TO ALL PERSONS WHO WERE EMPLOYED BY THC-ORANGE COUNTY, INC. AT ANY TIME AS NON-EXEMPT EMPLOYEES FROM JUNE 6, 2013 THROUGH AND INCLUDING [INSERT DATE THE PRELIMINARY APPROVAL ORDER AND ORDER APPROVING PAGA SETTLEMENT IS ENTERED BY THE COURT]**

**THIS LEGAL NOTICE MAY AFFECT YOUR RIGHTS, PLEASE READ IT CAREFULLY**

| History and Summary of Lawsuit |
|---|

This Notice is to inform you about the settlement of a pending class and representative action lawsuit and your rights under the terms of the settlement.

This class and representative action lawsuit, entitled *Song v. THC-Orange County, Inc.*, Case No. 8:17-cv-00965-JLS-DFM (C.D. Cal. 2017), was filed by Emmy Song ("Plaintiff") alleging that THC-Orange County, Inc. ("Defendant") violated applicable provisions of the Labor Code, the Business and Professions Code and the Industrial Welfare Commission's (the "IWC") Wage Orders with respect to non-exempt employees by doing all of the following: (1) failing to pay minimum wage and overtime for all hours worked; and (2) failing to provide accurate wage statements. The lawsuit further sought penalties against Defendant for: (3) waiting time penalties; (4) unfair competition; and (5) violations of the Private Attorneys General Act of 2004 ("PAGA"). The Plaintiff also brought an individual failure to reimburse (Cal. Labor Code § 2802) claim on behalf of herself. The Plaintiff who filed the lawsuit sought to pursue the case as a class and/or representative action on behalf of other non-exempt employees, including you.

Defendant denies all allegations of wrongdoing and maintains that it complied at all times with applicable laws, rules, and regulations at issue in this litigation.

The Parties engaged in contested litigation, including discovery of hundreds of pages of documents and payroll for Class Members , reviewed and analyzed sample timekeeper data for Class Members , engaged in extensive motion practice before the Court, deposed several persons, and participated in extensive settlement negotiations, including a private mediation. Those negotiations led to an agreement to settle the case, which was memorialized in a formal Class and Representative Action Settlement Agreement and Stipulation, which the Court has approved the PAGA settlement portion and preliminarily approved the class settlement portion. The Court has not ruled on the merits of the lawsuit.

## Who is Affected by this Settlement?

The Settlement affects those individuals who were employed by Defendant as a non-exempt employee at any time between June 6, 2013 and [INSERT DATE THE PRELIMINARY APPROVAL ORDER IS ENTERED WITH THE COURT] (the "Class"). The identities of the members of the Class have been ascertained from records of Defendant. You are receiving this Notice because such records show that you are a member of the Class.

## What are the Benefits of Settlement to the Class?

Plaintiff, on one hand, and Defendant, on the other hand, disagree as to whether there is any liability, including but not limited to: (1) whether the case is appropriate for treatment as a class or representative action; (2) whether the settlement Class is owed any unpaid wages or penalties; and (3) the amount of wages or penalties owed, if any. Defendant raised numerous defenses to Plaintiff's claims and those defenses could significantly reduce or even eliminate any liability or damages owed to the Class. Accordingly, there were significant risks to the Class associated with continuing the lawsuit and significant benefits to settling the lawsuit short of trial. The Settlement was negotiated by the Parties after thorough examination of time and payroll records. Having considered the benefits and risks associated with further litigation, counsel for the Plaintiff ("Class Counsel") determined that settlement of the case under the terms described in this Notice is a fair and reasonable compromise that is in the best interests of the Class. Finally, the terms of the Settlement were reviewed by the Court and the Court has approved the PAGA portion of the Settlement and preliminarily approved the remaining portion of the Settlement as being fair and reasonable to the members of the Class.

## What are the Terms of the Remaining Portions of the Settlement?

Defendant has agreed to pay a total of $440,000 ("Gross Settlement Fund") to settle all claims arising out of the lawsuit and the Court has already approved the PAGA portion of the settlement. The remaining portion of the settlement is described below.

The remainder of the Gross Settlement Fund will be used to pay all Class Members' settlement and release of the Settled Claims described below, claims administration costs, attorneys' fees for Class Counsel estimated not to exceed $146,666, an "incentive award" to Plaintiff as the Class Representative (up to $10,000), and employer's share of corporate federal, state and/or local taxes that is owed on the portion of the payments to Plaintiff and Class Members that constitutes wages.  The balance of the settlement – the Net Settlement Fund – will be distributed to Class Members who do not timely and validly opt out ("Plaintiff Class Members") in accordance with the Plan of Distribution described below.

In exchange for payment of the remaining portion of the Gross Settlement Fund, Plaintiff has agreed to dismiss and release all claims of the members of the settlement Class with prejudice, in connection with only all Class claims which were or could have been asserted in the lawsuit based on the facts alleged in the Complaint described more fully below. This means that all members of the Class who do not opt out will be bound by the terms of the settlement, even if they take no action in response to this Notice.

The Net Settlement Fund will be distributed according to the Plan of Distribution described below to members of the Class who do not timely and validly opt out ("Plaintiff Class Members").

Class Counsel have not yet received any payment for the services that they provided in the litigation on behalf of the named Plaintiff and the settlement Class, nor have they been reimbursed for their out-of-pocket expenses incurred on behalf of the Class. Class Counsel will file a motion with the Court to approve a payment of attorneys' fees to Class Counsel in an amount not to exceed $146,666, which is equal to 1/3 of the Gross Settlement Fund, plus reimbursement of the litigation costs they advanced no to exceed $_____, all of which would be paid to Class Counsel from the $440,000 Gross Settlement Fund. These fees will serve to compensate Class Counsel for their efforts in achieving the settlement for the benefit of the Class and for their risk in undertaking this representation on a contingency basis. Class Counsel have already spent many hours investigating this case, reviewing payroll and time records information provided by Defendant, researching Class Members' claims, and negotiating this settlement for the Class. They will incur additional hours overseeing the final approval and implementing the plan of distribution. You have the right to review Class Counsel's motion for attorneys' fees and costs, which will be filed with the Court.

**Plan of Distribution of the Net Settlement Fund.**

The Net Settlement Fund (the Gross Settlement Amount less actual attorneys' fees, costs, incentive award to Plaintiff, the PAGA Payment, employer's share of corporate federal, state and/or local taxes and settlement administrator costs) will be distributed to all Plaintiff Class Members. Plaintiff Class Members consist of those Class Members who do not opt out of the Class Settlement.

The Net Settlement Fund – which is estimated to be $___, less employer's share of taxes – will be disbursed to the Plaintiff Class Members based on the Plan of Distribution described below and approved by the Court.

Each Plaintiff Class Members shall be entitled to a pro rata portion of the Net Settlement Fund. Individual Settlement Payments will be awarded to Plaintiff Class Members from the Net Settlement Fund based on the number of shifts as a non-exempt employee for Defendant between June 6, 2013 through [INSERT DATE THE PRELIMINARY APPROVAL ORDER IS ENTERED BY THE COURT] (the "Class Shifts Worked") by an individual Plaintiff Class Member divided by the total number of Class Shifts Worked by all Plaintiff Class Members, as regularly recorded on Defendant's timekeeping systems then in effect. This formula used to determine Individual Settlement Payments is expressed as follows:

$$\frac{\text{\# Class Shifts Worked by Plaintiff Class Member}}{\text{\# Class Shifts Worked by All Plaintiff Class Members}} = \text{\% of Net Settlement Fund Payable to the Plaintiff Class Member}$$

The total Individual Settlement Payment made to each Plaintiff Class Members shall be comprised of three amounts: (1) one third designated as wages subject to appropriate withholdings for which an IRS Form W-2 will be issued; (2) one third designated as penalties for which an IRS Form 1099 Misc. may be issued; and (3) one third designated as interest for which an IRS Form 1099 Misc. may be issued.

Applicable income taxes and applicable payroll taxes will be withheld for the one third portion of the Individual Settlement Payment designated as wages to each Plaintiff Class Members.

Based on our records, you performed work as a non-exempt employee for THC-Orange County, Inc. for ___ shifts between June 6, 2013 and [INSERT DATE THE PRELIMINARY APPROVAL ORDER IS ENTERED BY THE COURT] , and your estimated share of the Net Settlement Fund is $_____.  Where an employee punches out for greater than three (3) hours and then punches back in, the multiple time periods of being clocked in shall be treated as different shifts for purposes of determining shifts worked. If you disagree with the number of shifts you worked, you may submit a written challenge.  For the challenge to be deemed valid, it must include: (i) the full name of the person making the challenge; (ii)  a statement that the person seeking the challenge are seeking to challenge the estimated Individual Settlement Payment set forth in the Class Notice; (iii) state the number of shifts the person seeking the challenge believe he or she has worked between June 6, 2013 and [INSERT DATE OF PRELIMINARY APPROVAL]; and (iv) the person seeking the challenge must sign the document.   You may attach any and all documents that support your claim (such as paystubs, cancelled checks, etc.).  All such challenges must be mailed to the Settlement Administrator with a postmark date on or before [INSERT DATE]. Please be advised that the number of shifts stated in this Notice is presumed to be correct unless the documents you submit prove otherwise.

**Designated Class Settlement Administrator.**

The Settlement Administrator, as agreed upon by the Parties and approved by the Court, is [INSERT NAME OF ADMINISTRATOR] and their mailing address and contact information are:

[INSERT NAME, ADDRESS AND TELEPHONE NUMBER]

ALL CHALLENGES AND REQUESTS TO OPT OUT MUST BE MAILED TO [INSERT NAME OF ADMINISTRATOR]'S ADDRESS LISTED ABOVE.  ALSO, ALL QUESTIONS AND INQUIRIES REGARDING ADMINISTRATION OF THE SETTLEMENT MAY BE DIRECTED TO [INSERT NAME OF ADMINISTRATOR].

**How to Receive Your Portion of the Net Settlement Fund.**

In order to receive your portion of the Net Settlement Fund, **you do not need to take any action** (except to notify the Settlement Administrator identified above if your address has changed, so that your check will be mailed to your new address).

Under the schedule contemplated by the Parties, the earliest possible date that settlement checks for the Individual Settlement Payments could possibly be mailed is _____, 2019, and the date could very well be later than that. If you have any questions regarding the settlement or the payment process, please call the Settlement Administrator or the attorneys listed below. Please do not call the Court. It is expected that you will be mailed a check by about _____, 2019 if the settlement is finally approved, and that the Settlement Administrator will calculate the amount of your settlement check pursuant to the Plan of Distribution after the case has been finally approved by the Court and become effective.

Upon receipt of your settlement check, it will be your responsibility to cash the check before the expiration date of the check (ninety days from the check's issuance).  Checks that are not cashed or negotiated with 90 days of mailing shall be transmitted to the State of California Department of Industrial Relations Unclaimed Wage Fund and be submitted in the payees' name.

**Right to Opt Out of the Settlement.**

If you do not want to be bound by the terms of the settlement, including the release below, you may exclude yourself ("opt out") by sending written notice of your intention to opt out to the Settlement Administrator, at its address listed above. The Opt-Out Request must be in writing and include (1) the full name of the person seeking exclusion; (2) a statement that the person seeking exclusion requests exclusion from the Class and does not wish to participate in the settlement; and (3) signed by the person seeking exclusion. Any person who opts out will not be affected by the terms of the Class Settlement. *Any Opt-Out Request must be postmarked no later than _____, 2019*.

If you submit a timely and valid written opt out, you will no longer be a member of the Class, and you will not be eligible to receive any additional money under the Settlement or object to the terms of the Settlement. However, you will not be bound by the additional release described below, and may pursue any claims you may have at your own expense, against Defendant.

**Right to Object to the Settlement.**

Any member of the settlement Class who has not opted out can ask the Court to deny approval of the settlement by filing an objection. You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no additional settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

You may object to the proposed settlement in writing. You may also appear at the Final Approval Hearing, either in person or through your attorney. If you appear through your own attorney, you are responsible for paying that attorney. All written objections and supporting papers must (a) clearly identify the case and number (*Song v. THC-Orange County, Inc.*, Case No.: 8:17-cv-00965-JLS-DFM), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Central District of California, Southern Division, 411 W. 4th Street, Santa Ana, CA 92701, or by filing them in person at any location of the United States District Court for the Central District of California, and (c) be filed or postmarked on or before _____, 2019. Class Members who fail to timely mail or file such a written statement of objection shall be foreclosed from making any objection to this Settlement.

If you first request exclusion from, and opt out of, the settlement and then object, the objections will not be considered valid. If you object and then request exclusion from, and opt out of the settlement, you will be deemed to have waived your objection.

**Right to Do Nothing.**

If you do nothing, and the Court approves the Settlement, you will be bound by the terms of the Settlement, including all of the releases, but you will not receive any money from the Net Settlement Fund.

**Final Settlement Approval Hearing.**

The Court has already approved the PAGA portion of the settlement and has preliminarily approved the remaining portions of the settlement. To decide whether to give final approval to the remaining portion of the settlement, and whether to approve Class Counsel's application for attorneys' fees and costs, the Court will hold a Final Approval and Fairness Hearing on [INSERT DATE] at [INSERT TIME] in the United States District Court for the Central District of California, Southern Division, 411 W. 4th Street, Santa Ana, CA 92701, in Courtroom 10A, 10th Floor. If you wish to appear at the hearing, you must mail your written comments pursuant to the procedure described above, no later than [INSERT DATE]. It is possible that the hearing date or time will be changed, so you should check the Court's calendar before attending if you plan to attend. You do not need to appear at the hearing in order to receive your share of the Net Settlement Fund.

**Effect of the Settlement – What is the additional release?**

The settlement is intended to settle and fully release and discharge any and all claims against Defendant and all Released Parties from any and all PAGA Claims and Released Claims (defined below) to the maximum extent permitted by law. Upon final approval by the Court of this Settlement, and to the maximum extent permitted by law, all Class Members who do not timely and validly opt out ("Plaintiff Class Members") and all persons purporting to act on the Plaintiff Class Members' behalf or purporting to assert a claim under or through them, hereby do and shall be deemed to have fully, finally, and forever released, settled, compromised, relinquished and discharged any and all of the Released Parties of and from any and all of the following claims that arose at any time between June 6, 2013 through [INSERT DATE THE PRELIMINARY APPROVAL ORDER IS ENTERED BY THE COURT] to the maximum extent permitted by law: (a) any claims for unpaid wages (including but not limited to minimum wages, regular wages and overtime pay), improper itemized wage statements, improper payroll records maintenance and failure to pay all wages due at the time of termination; (b) any claims under California Labor Code sections 201 through 203, 226, 510, 558, 1194, 1197, 1197.1 and/or 2698 *et seq.* and related provisions contained in the California Wage Orders; the California Business and Professions Code predicated on such Labor Code sections and California Wage Orders, including but not limited to Business and Professions Code section 17200 *et seq.*; and any claims under the Fair Labor Standards Act for unpaid wages (including but not limited to minimum wages, regular wages and overtime pay), improper itemized wage statements, improper payroll records maintenance and failure to pay all wages due at the time of termination; and (c) any claims for damages, penalties, interest, attorney's fees and costs, injunctive relief, declaratory relief, restitution, fraudulent business practices, or punitive damages which were alleged or which could have been alleged based in whole or in part on the factual or legal allegations and/or claims in the Action, Plaintiff's May 31, 2017 LWDA Letter and/or Plaintiff's [INSERT DATE] Supplemental LWDA Letter. The claims set forth in sections (a)-(c) hereinabove shall be collectively referred to as the "Released Claims" or "Settled Claims." As stated earlier, the term "Released Parties" means THC-Orange County, Inc., THC-Orange County, LLC, Kindred Healthcare, Inc., Kindred Healthcare Operating, Inc., Kindred Healthcare, LLC, Kindred Healthcare Operating, LLC, as well as any predecessors including but not limited to First Healthcare, Inc., Vencare, Inc., Ventas, Inc., Vencor, Inc., Vencor Healthcare, Inc., Vencor Hospital California, Inc., Vencor Operating, Inc., Transitional Hospitals Corporation, a Delaware corporation, Transitional Hospitals Corporation, a Nevada corporation, LV Acquisition Corp., and all of its/their current and former direct and indirect parents, subsidiaries, affiliated and related companies and entities, and all of its/their current and former officers, directors, employees, insurers, reinsurers, attorneys, and agents.

If you are a Class Member and do not elect to properly opt out from the settlement Class, you will be deemed to have entered into this release and to have released the above-described Released Claims. If the

settlement is approved by the Court and becomes final, the entire settlement will be consummated. If the settlement is not approved by the Court or does not become final for some other reason, the litigation will continue as to the non-PAGA claims.

**Update to Your Contact Information.**

It is your responsibility to keep a current address and telephone number on file with the Settlement Administrator, to ensure receipt of your Individual Settlement Payment and applicable tax forms if the settlement is given final approval by the Court. If you change your mailing address, you should promptly contact the Settlement Administrator and provide the Settlement Administrator your new address and contact information.

**How to Obtain More Information About the Lawsuit or Settlement.**

This Notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the Class Action Settlement Agreement and Stipulation, the Complaints and Plaintiff's May, 31, 2017 and [INSERT DATE] letters to the LWDA available at www._____.com, by contacting Class Counsel at the address or telephone number set forth below, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Central District of California, United States District Court for the Central District of California, Southern Division, 411 W. 4th Street, Santa Ana, CA 92701, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE SETTLEMENT PROCESS.

This Notice has been reviewed and approved by the United States District Court for the Central District of California. If you have any questions regarding the lawsuit or how it affects your rights, please contact the Settlement Administrator or Class Counsel listed below. Please do not contact the Court.

## CLASS COUNSEL

Larry W. Lee                                      Alex Cha
Diversity Law Group, P.C.                         J. Edward Kim
515 S. Figueroa Street, Suite 1250                Law Offices of Alex Cha
Los Angeles, CA 90071                             1055 W. 7th Street, Floor 28
                                                  Los Angeles, CA 90017
Edward W. Choi
Law Offices of Choi & Associates
515 S. Figueroa Street, Suite 1250
Los Angeles, CA 90071

FIRMWIDE:161715665.2 091140.1003

## NOTICE OF PAGA AND CLASS ACTION SETTLEMENT

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMY SONG, as an individual and on behalf of all others similarly situated, | Case No. 8:17-cv-00965-JLS-DFMx |
| Plaintiffs, | **NOTICE OF PAGA AND CLASS ACTION SETTLEMENT** |
| v. | |
| THC-ORANGE COUNTY, INC., a California Corporation; and DOES 1 through 100, inclusive, | |
| Defendants. | |

<<FIRST AND LAST NAME>>
<<ADDRESS>>
<<CITY AND ZIP CODE>>

**TO ALL PERSONS WHO WERE EMPLOYED BY THC-ORANGE COUNTY, INC. AT ANY TIME AS NON-EXEMPT EMPLOYEES FROM JUNE 6, 2013 THROUGH AND INCLUDING [INSERT DATE THE PRELIMINARY APPROVAL ORDER AND ORDER APPROVING PAGA SETTLEMENT IS ENTERED BY THE COURT]**

**THIS LEGAL NOTICE MAY AFFECT YOUR RIGHTS, PLEASE READ IT CAREFULLY**

*IMPORTANT: For those were employed by THC-Orange County, Inc. at any time as non-exempt employees from May 31, 2016 through and including January 11, 2019, enclosed please find a check in the amount of [PAGA Settlement Amount]. You are receiving the enclosed check because a court has approved the release of your claims that you had as an alleged aggrieved employeeunder the Private Attorneys General Act of 2004 ("PAGA") and therefore you been deemed a PAGA Releasee under the terms of an agreement between Defendant (as defined below) and Plaintiff approved by the Court on [INSERT DATE]. You will have the opportunity to receive additional sums pursuant to this settlement if you do nothing and thereby elect to release your additional claims. You may also elect to opt out of this case and release all but your PAGA claims that have already been released. To opt out you must do so following the instructions below.*

| History and Summary of Lawsuit |
|---|

This Notice is to inform you about the settlement of a pending class and representative action lawsuit and your rights under the terms of the settlement.

This class and representative action lawsuit, entitled *Song v. THC-Orange County, Inc.*, Case No. 8:17-cv-00965-JLS-DFM (C.D. Cal. 2017), was filed by Emmy Song ("Plaintiff") alleging that THC-Orange County, Inc. ("Defendant") violated applicable provisions of the Labor Code, the Business and Professions Code and the Industrial Welfare Commission's (the "IWC") Wage Orders with respect to non-exempt employees by doing all of the following: (1) failing to pay minimum wage and overtime for

all hours worked; and (2) failing to provide accurate wage statements. The lawsuit further sought penalties against Defendant for: (3) waiting time penalties; (4) unfair competition; and (5) violations of the Private Attorneys General Act of 2004 ("PAGA"). The Plaintiff also brought an individual failure to reimburse (Cal. Labor Code § 2802) claim on behalf of herself. The Plaintiff who filed the lawsuit sought to pursue the case as a class and/or representative action on behalf of other non-exempt employees, including you.

Defendant denies all allegations of wrongdoing and maintains that it complied at all times with applicable laws, rules, and regulations at issue in this litigation.

The Parties engaged in contested litigation, including discovery of hundreds of pages of documents and payroll for Class Members and PAGA Releasees, reviewed and analyzed sample timekeeper data for Class Members and PAGA Releasees, engaged in extensive motion practice before the Court, deposed several persons, and participated in extensive settlement negotiations, including a private mediation. Those negotiations led to an agreement to settle the case, which was memorialized in a formal Class and Representative Action Settlement Agreement and Stipulation, which the Court has approved the PAGA settlement portion and preliminarily approved the class settlement portion. The Court has not ruled on the merits of the lawsuit.

## Who is Affected by this Settlement?

The Settlement affects (1) those individuals who were employed by Defendant as a non-exempt employee at any time between June 6, 2013 and [INSERT DATE THE PRELIMINARY APPROVAL ORDER IS ENTERED WITH THE COURT] (the "Class") and (2) those individuals who were employed by Defendant as a non-exempt employee at any time between May 31, 2016 and [INSERT DATE OF SUPPLEMENTAL PAGA LETTER] (the "PAGA Releasees"). The identities of the members of the Class and PAGA Releasees have been ascertained from records of Defendant. You are receiving this Notice because such records show that you are a member of the Class and/or PAGA Releasees.

## What are the Benefits of Settlement to the Class?

Plaintiff, on one hand, and Defendant, on the other hand, disagree as to whether there is any liability, including but not limited to: (1) whether the case is appropriate for treatment as a class or representative action; (2) whether the settlement Class is owed any unpaid wages or penalties; and (3) the amount of wages or penalties owed, if any. Defendant raised numerous defenses to Plaintiff's claims and those defenses could significantly reduce or even eliminate any liability or damages owed to the Class. Accordingly, there were significant risks to the Class associated with continuing the lawsuit and significant benefits to settling the lawsuit short of trial. The Settlement was negotiated by the Parties after thorough examination of time and payroll records. Having considered the benefits and risks associated with further litigation, counsel for the Plaintiff ("Class Counsel") determined that settlement of the case under the terms described in this Notice is a fair and reasonable compromise that is in the best interests of the Class. Finally, the terms of the Settlement were reviewed by the Court and the Court has approved the PAGA portion of the Settlement and preliminarily approved the remaining portion of the Settlement as being fair and reasonable to the members of the Class.

## What is the PAGA Settlement and the Purpose of the PAGA Check?

The PAGA Settlement effects those individuals were employed by THC-Orange County, Inc. at any time as non-exempt employees from May 31, 2016 through and including January 11, 2019 ("PAGA Releasees"). If you received a check with this Notice, you are a PAGA Releasee.

In bringing this lawsuit, Plaintiff is seeking among other things civil penalties pursuant to PAGA, a law which allows Plaintiff to stand in the shoes of the government and try and recover penalties on the government's behalf and on behalf of those employees Plaintiff claims were "aggrieved" by Defendant's alleged violation of California Labor laws, including claims for unpaid wages and overtime, inaccurate wage statements and waiting time penalties in connection with work performed by them during the period from May 31, 2016 through January 11, 2019.

It is important to note that Defendant denies these claims and it further denies that it owes any penalties to the government or to you, and assert that it has fully complied with all applicable wage and hours laws. Nevertheless, to avoid further costs and time in defending the lawsuit, Defendant has settled the case, and the Court has approved the settlement and release of PAGA Claims described below.

Defendant has agreed to pay a total of $440,000 ("Gross Settlement Fund") to settle all claims arising out of the lawsuit. The Court has approved the PAGA portion of the settlement, which is $44,000 of the Gross Settlement Fund is being paid to resolve the PAGA Claims described below ("PAGA Payment"), with seventy-five percent (75%) being paid to the California Labor and Workforce Development Agency, as required by law, and twenty-five percent (25%) being paid to the PAGA Releasees.

For those individuals were employed by THC-Orange County, Inc. at any time as non-exempt employees from May 31, 2016 through and including January 11, 2019, you are receiving the enclosed check in the amount of _____ because a court has approved the release of your claims that you had as an alleged aggrieved employee under PAGA and therefore you have been deemed a PAGA Releasee under the terms of the settlement agreement approved by the Court on _____. One hundred percent (100%) of this PAGA payment to you is considered penalties. Your portion of the PAGA Payment is calculated based on the number of shifts that you worked as a non-exempt employee for Defendant from May 31, 2016 to [INSERT DATE THE PRELIMINARY APPROVAL ORDER IS ENTERED WITH THE COURT], as regularly recorded on Defendant's timekeeping systems then in effect. Where an employee punches out for greater than three (3) hours and then punches back in, the multiple time periods of being clocked in shall be treated as different shifts for purposes of determining shifts worked. You may be issued an IRS Form 1099 for your share of this PAGA Payment.

Any questions regarding the amount of your PAGA Payment Check should be directed to the Settlement Administrator or Class Counsel at the contact information listed below. You will not be retaliated against for cashing the check. It is entirely up to you if you cash your check or not. Checks that are not cashed or negotiated within 90 days of mailing shall be transmitted to the State of California Department of Industrial Relations Unclaimed Wage Fund and be submitted in the payees's name. Regardless of what you do with this check, by law and Court order, your PAGA Claims as described below have been released.

This PAGA portion of the settlement resolves any and all PAGA claims and recoverable remedies under PAGA, arising during the period from May 31, 2016 through January 11, 2019, by any PAGA Releasee, including you. All PAGA Releasees, including you, and all persons purporting to act on the PAGA Releasees' behalf or purporting to assert a claim under or through them, hereby do and shall be deemed to have fully, finally, and forever released, settled, compromised, relinquished and discharged any and all of the Released Parties of and from any and all PAGA claims premised in whole or in part on any of the following claims that arose at any time from May 31, 2016 through and including January 11, 2019: (a) any claims for unpaid wages (including but not limited to minimum wages, regular wages and overtime pay), improper itemized wage statements, improper payroll records maintenance and failure to pay all wages due at the time of termination; (b) any claims under California Labor Code sections 201 through 203, 226, 510, 558, 1197, 1197.1, 2698 *et seq*. and related provisions contained in the California Wage

Orders; and the California Business and Professions Code, including but not limited to Business and Professions Code section 17200 *et seq.* predicated on such Labor Code sections and California Wage Orders; and (c) any claims for damages, penalties, interest, attorney's fees and costs, injunctive relief, declaratory relief, restitution, fraudulent business practices, or punitive damages which were alleged or which could have been alleged based in whole or in part on the factual or legal allegations and/or claims in the Action, Plaintiff's May 31, 2017 LWDA Letter and/or Plaintiff's [INSERT DATE] Supplemental LWDA Letter (collectively, the "PAGA Claims"). "Released Parties" mean THC-Orange County, Inc., THC-Orange County, LLC, Kindred Healthcare, Inc., Kindred Healthcare Operating, Inc., Kindred Healthcare, LLC, Kindred Healthcare Operating, LLC, as well as any predecessors including but not limited to First Healthcare, Inc., Vencare, Inc., Ventas, Inc., Vencor, Inc., Vencor Healthcare, Inc., Vencor Hospital California, Inc., Vencor Operating, Inc., Transitional Hospitals Corporation, a Delaware corporation, Transitional Hospitals Corporation, a Nevada corporation, LV Acquisition Corp., and all of its/their current and former direct and indirect parents, subsidiaries, affiliated and related companies and entities, and all of its/their current and former officers, directors, employees, insurers, reinsurers, attorneys, and agents. (You may read a fuller description of the types of claims being released by viewing the Parties' "Class and Representative Action Settlement Agreement and Stipulation," the Complaints and Plaintiff's letters to the LWDA as noted below.)

### What are the Terms of the Remaining Portions of the Settlement?

As stated above, Defendant has agreed to pay a total of $440,000 ("Gross Settlement Fund") to settle all claims arising out of the lawsuit and the Court has already approved the PAGA portion of the settlement. The remaining portion of the settlement is described below.

The remainder of the Gross Settlement Fund will be used to pay all Class Members' settlement and release of the Settled Claims described below, claims administration costs, attorneys' fees for Class Counsel estimated not to exceed $146,666, an "incentive award" to Plaintiff as the Class Representative (up to $10,000), and employer's share of corporate federal, state and/or local taxes that is owed on the portion of the payments to Plaintiff and Class Members that constitutes wages. The balance of the settlement – the Net Settlement Fund – will be distributed to Class Members who do not timely and validly opt out ("Plaintiff Class Members") in accordance with the Plan of Distribution described below.

In exchange for payment of the remaining portion of the Gross Settlement Fund, Plaintiff has agreed to dismiss and release all claims of the members of the settlement Class with prejudice, in connection with only all Class claims which were or could have been asserted in the lawsuit based on the facts alleged in the Complaint described more fully below. This means that all members of the Class who do not opt out will be bound by the terms of the settlement, even if they take no action in response to this Notice. However, if you are a PAGA Releasee, you cannot opt out of the PAGA Payment and release of PAGA Claims.

The Net Settlement Fund will be distributed according to the Plan of Distribution described below to members of the Class who do not timely and validly opt out ("Plaintiff Class Members").

Class Counsel have not yet received any payment for the services that they provided in the litigation on behalf of the named Plaintiff and the settlement Class, nor have they been reimbursed for their out-of-pocket expenses incurred on behalf of the Class. Class Counsel will file a motion with the Court to approve a payment of attorneys' fees to Class Counsel in an amount not to exceed $146,666, which is equal to 1/3 of the Gross Settlement Fund, plus reimbursement of the litigation costs they advanced no to exceed $_____, all of which would be paid to Class Counsel from the $440,000 Gross Settlement Fund. These fees will serve to compensate Class Counsel for their efforts in achieving the settlement for

the benefit of the Class and for their risk in undertaking this representation on a contingency basis. Class Counsel have already spent many hours investigating this case, reviewing payroll and time records information provided by Defendant, researching Class Members' claims, and negotiating this settlement for the Class. They will incur additional hours overseeing the final approval and implementing the plan of distribution. You have the right to review Class Counsel's motion for attorneys' fees and costs, which will be filed with the Court.

**Plan of Distribution of the Net Settlement Fund.**

The Net Settlement Fund (the Gross Settlement Amount less actual attorneys' fees, costs, incentive award to Plaintiff, the PAGA Payment, employer's share of corporate federal, state and/or local taxes and settlement administrator costs) will be distributed to all Plaintiff Class Members. Plaintiff Class Members consist of those Class Members who do not opt out of the Class Settlement.

The Net Settlement Fund – which is estimated to be $____, less employer's share of taxes – will be disbursed to the Plaintiff Class Members based on the Plan of Distribution described below and approved by the Court.

Each Plaintiff Class Members shall be entitled to a pro rata portion of the Net Settlement Fund. Individual Settlement Payments will be awarded to Plaintiff Class Members from the Net Settlement Fund based on the number of shifts as a non-exempt employee for Defendant between June 6, 2013 through [INSERT DATE THE PRELIMINARY APPROVAL ORDER IS ENTERED BY THE COURT] (the "Class Shifts Worked") by an individual Plaintiff Class Member divided by the total number of Class Shifts Worked by all Plaintiff Class Members, as regularly recorded on Defendant's timekeeping systems then in effect. This formula used to determine Individual Settlement Payments is expressed as follows:

| # Class Shifts Worked by Plaintiff Class Member | | |
|---|---|---|
| # Class Shifts Worked by All Plaintiff Class Members | = | % of Net Settlement Fund Payable to the Plaintiff Class Member |

The total Individual Settlement Payment made to each Plaintiff Class Members shall be comprised of three amounts: (1) one third designated as wages subject to appropriate withholdings for which an IRS Form W-2 will be issued; (2) one third designated as penalties for which an IRS Form 1099 Misc. may be issued; and (3) one third designated as interest for which an IRS Form 1099 Misc. may be issued. Applicable income taxes and applicable payroll taxes will be withheld for the one third portion of the Individual Settlement Payment designated as wages to each Plaintiff Class Members.

Based on our records, you performed work as a non-exempt employee for THC-Orange County, Inc. for ___ shifts between June 6, 2013 and [INSERT DATE THE PRELIMINARY APPROVAL ORDER IS ENTERED BY THE COURT] , and your estimated share of the Net Settlement Fund is $____. Where an employee punches out for greater than three (3) hours and then punches back in, the multiple time periods of being clocked in shall be treated as different shifts for purposes of determining shifts worked. If you disagree with the number of shifts you worked, you may submit a written challenge. For the challenge to be deemed valid, it must include: (i) the full name of the person making the challenge; (ii) a statement that the person seeking the challenge are seeking to challenge the estimated Individual Settlement Payment set forth in the Class Notice; (iii) state the number of shifts the person seeking the challenge believe he or she has worked between June 6, 2013 and [INSERT DATE OF PRELIMINARY APPROVAL]; and (iv) the person seeking the challenge must sign the document. You may attach any and all documents that support your claim (such as paystubs, cancelled checks, etc.). All such challenges must be mailed to the Settlement Administrator with a postmark date on or before [INSERT DATE]. Please be advised that the number of shifts stated in this Notice is presumed to be correct unless the

documents you submit prove otherwise. Further, while such challenge may affect the amount you receive from the Net Settlement Fund, it will not affect the amount you have received as your share of the PAGA Payment.

**Designated Class Settlement Administrator.**

The Settlement Administrator, as agreed upon by the Parties and approved by the Court, is [INSERT NAME OF ADMINISTRATOR] and their mailing address and contact information are:

[INSERT NAME, ADDRESS AND TELEPHONE NUMBER]

ALL CHALLENGES AND REQUESTS TO OPT OUT MUST BE MAILED TO [INSERT NAME OF ADMINISTRATOR]'S ADDRESS LISTED ABOVE. ALSO, ALL QUESTIONS AND INQUIRIES REGARDING ADMINISTRATION OF THE SETTLEMENT MAY BE DIRECTED TO [INSERT NAME OF ADMINISTRATOR].

**How to Receive Your Portion of the Net Settlement Fund.**

In order to receive your portion of the Net Settlement Fund, **you do not need to take any action** (except to notify the Settlement Administrator identified above if your address has changed, so that your check will be mailed to your new address).

Under the schedule contemplated by the Parties, the earliest possible date that settlement checks for the Individual Settlement Payments could possibly be mailed is _____, 2019, and the date could very well be later than that. If you have any questions regarding the settlement or the payment process, please call the Settlement Administrator or the attorneys listed below. Please do not call the Court. It is expected that you will be mailed a check by about _____, 2019 if the settlement is finally approved, and that the Settlement Administrator will calculate the amount of your settlement check pursuant to the Plan of Distribution after the case has been finally approved by the Court and become effective.

Upon receipt of your settlement check, it will be your responsibility to cash the check before the expiration date of the check (ninety days from the check's issuance). Checks that are not cashed or negotiated with 90 days of mailing shall be transmitted to the State of California Department of Industrial Relations Unclaimed Wage Fund and be submitted in the payees' name.

**Right to Opt Out of the Settlement.**

PAGA Releasees will not have the opportunity to opt out of the PAGA payment and/or release of PAGA Claims. However, if you do not want to be bound by the remaining terms of the settlement, including the additional release below, you may exclude yourself ("opt out") by sending written notice of your intention to opt out to the Settlement Administrator, at its address listed above. The Opt-Out Request must be in writing and include (1) the full name of the person seeking exclusion; (2) a statement that the person seeking exclusion requests exclusion from the Class and does not wish to participate in the settlement; and (3) signed by the person seeking exclusion. Any person who opts out will not be affected by the terms of the Class Settlement. PAGA Releasees will be bound by the release of PAGA Claims even if they submit an Opt-Out Request. *Any Opt-Out Request must be postmarked no later than _____, 2019*.

If you submit a timely and valid written opt out, you will no longer be a member of the Class, and you will not be eligible to receive any additional money under the Settlement or object to the terms of the

Settlement.  However, you will not be bound by the additional release described below, and may pursue any claims you may have at your own expense, against Defendant.  PAGA Releasees will be bound by the release of PAGA Claims even if they submit an Opt-Out Request.

**Right to Object to the Settlement.**

Any member of the settlement Class who has not opted out can ask the Court to deny approval of the settlement by filing an objection. You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no additional settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

You may object to the proposed settlement in writing, except you may not object to the PAGA Payment and release of PAGA Claims. You may also appear at the Final Approval Hearing, either in person or through your attorney. If you appear through your own attorney, you are responsible for paying that attorney. All written objections and supporting papers must (a) clearly identify the case and number (*Song v. THC-Orange County, Inc.*, Case No.:  8:17-cv-00965-JLS-DFM), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Central District of California, Southern Division, 411 W. 4th Street, Santa Ana, CA 92701, or by filing them in person at any location of the United States District Court for the Central District of California, and (c) be filed or postmarked on or before         , 2019.  Class Members who fail to timely mail or file such a written statement of objection shall be foreclosed from making any objection to this Settlement.

If you first request exclusion from, and opt out of, the settlement and then object, the objections will not be considered valid. If you object and then request exclusion from, and opt out of the settlement, you will be deemed to have waived your objection.

**Right to Do Nothing.**

If you do nothing, and the Court approves the Settlement, you will be bound by the terms of the Settlement, including all of the releases, but you will not receive any money from the Net Settlement Fund.

**Final Settlement Approval Hearing.**

The Court has already approved the PAGA portion of the settlement and has preliminarily approved the remaining portions of the settlement.  To decide whether to give final approval to the remaining portion of the settlement, and whether to approve Class Counsel's application for attorneys' fees and costs, the Court will hold a Final Approval and Fairness Hearing on [INSERT DATE] at [INSERT TIME] in the United States District Court for the Central District of California, Southern Division, 411 W. 4th Street, Santa Ana, CA 92701, in Courtroom 10A, 10th Floor. If you wish to appear at the hearing, you must mail your written comments pursuant to the procedure described above, no later than [INSERT DATE]. It is possible that the hearing date or time will be changed, so you should check the Court's calendar before attending if you plan to attend. You do not need to appear at the hearing in order to receive your share of the Net Settlement Fund.

**Effect of the Settlement – What is the additional release?**

The settlement is intended to settle and fully release and discharge any and all claims against Defendant and all Released Parties from any and all PAGA Claims and Released Claims (defined below) to the maximum extent permitted by law.  As of the Effective Date , and to the maximum extent permitted by

law, all Class Members who do not timely and validly opt out ("Plaintiff Class Members") and all persons purporting to act on the Plaintiff Class Members' behalf or purporting to assert a claim under or through them, hereby do and shall be deemed to have fully, finally, and forever released, settled, compromised, relinquished and discharged any and all of the Released Parties of and from any and all of the following claims that arose at any time between June 6, 2013 through [INSERT DATE THE PRELIMINARY APPROVAL ORDER IS ENTERED BY THE COURT] to the maximum extent permitted by law: (a) any claims for unpaid wages (including but not limited to minimum wages, regular wages and overtime pay), improper itemized wage statements, improper payroll records maintenance and failure to pay all wages due at the time of termination; (b) any claims under California Labor Code sections 201 through 203, 226, 510, 558, 1194, 1197, 1197.1 and/or 2698 *et seq.* and related provisions contained in the California Wage Orders; the California Business and Professions Code predicated on such Labor Code sections and California Wage Orders, including but not limited to Business and Professions Code section 17200 *et seq.*; and any claims under the Fair Labor Standards Act for unpaid wages (including but not limited to minimum wages, regular wages and overtime pay), improper itemized wage statements, improper payroll records maintenance and failure to pay all wages due at the time of termination; and (c) any claims for damages, penalties, interest, attorney's fees and costs, injunctive relief, declaratory relief, restitution, fraudulent business practices, or punitive damages which were alleged or which could have been alleged based in whole or in part on the factual or legal allegations and/or claims in the Action, Plaintiff's May 31, 2017 LWDA Letter and/or Plaintiff's [INSERT DATE] Supplemental LWDA Letter. The claims set forth in sections (a)-(c) hereinabove shall be collectively referred to as the "Released Claims" or "Settled Claims."  As stated earlier, the term "Released Parties" means THC-Orange County, Inc., THC-Orange County, LLC, Kindred Healthcare, Inc., Kindred Healthcare Operating, Inc., Kindred Healthcare, LLC, Kindred Healthcare Operating, LLC, as well as any predecessors including but not limited to First Healthcare, Inc., Vencare, Inc., Ventas, Inc., Vencor, Inc., Vencor Healthcare, Inc., Vencor Hospital California, Inc., Vencor Operating, Inc., Transitional Hospitals Corporation, a Delaware corporation, Transitional Hospitals Corporation, a Nevada corporation, LV Acquisition Corp., and all of its/their current and former direct and indirect parents, subsidiaries, affiliated and related companies and entities, and all of its/their current and former officers, directors, employees, insurers, reinsurers, attorneys, and agents.

If you are a Class Member and do not elect to properly opt out from the settlement Class, you will be deemed to have entered into this release and to have released the above-described Released Claims. However, if you are a PAGA Releasee, you will still be bound by the release of the PAGA Claims regardless of whether or not you opt out of the Class or cash the enclosed check.  If the settlement is approved by the Court and becomes final, the entire settlement will be consummated.  If the settlement is not approved by the Court or does not become final for some other reason, the litigation will continue as to the non-PAGA claims.

**Update to Your Contact Information.**

It is your responsibility to keep a current address and telephone number on file with the Settlement Administrator, to ensure receipt of your Individual Settlement Payment and applicable tax forms if the settlement is given final approval by the Court.  If you change your mailing address, you should promptly contact the Settlement Administrator and provide the Settlement Administrator your new address and contact information.

**How to Obtain More Information About the Lawsuit or Settlement.**

This Notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the Class Action Settlement Agreement and Stipulation, the Complaints and Plaintiff's May,

31, 2017 and [INSERT DATE] letters to the LWDA available at www._____.com, by contacting Class Counsel at the address or telephone number set forth below, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Central District of California, United States District Court for the Central District of California, Southern Division, 411 W. 4th Street, Santa Ana, CA 92701, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE SETTLEMENT PROCESS.

This Notice has been reviewed and approved by the United States District Court for the Central District of California. If you have any questions regarding the lawsuit or how it affects your rights, please contact the Settlement Administrator or Class Counsel listed below. Please do not contact the Court.

**CLASS COUNSEL**

Larry W. Lee                                          Alex Cha
Diversity Law Group, P.C.                            J. Edward Kim
515 S. Figueroa Street, Suite 1250                   Law Offices of Alex Cha
Los Angeles, CA 90071                                1055 W. 7th Street, Floor 28
                                                     Los Angeles, CA 90017
Edward W. Choi
Law Offices of Choi & Associates
515 S. Figueroa Street, Suite 1250
Los Angeles, CA 90071

FIRMWIDE:161701896.2 091140.1003

# EXHIBIT 2

1   LARRY W. LEE, Bar No. 228175
    lwlee@diversitylaw.com
2   DIVERSITY LAW GROUP, P.C.
    515 S. Figueroa St., Suite 1250
3   Los Angeles, CA 90071
    Telephone: 213.488.6555
4   Facsimile: 213.488.6554

5   EDWARD W. CHOI, Bar No. 211334
    edward.choi@calaw.biz
6   LAW OFFICES OF CHOI & ASSOCIATES
    515 S. Figueroa St., Suite 1250
7   Los Angeles, CA 90071
    Telephone: 213.381.1515
8   Facsimile: 213.465.4885

9   ALEX CHA, Bar No. 208051
    alex@alexchalaw.com
10  J. EDWARD KIM, Bar No. 282787
    edward@alexchalaw.com
11  LAW OFFICES OF ALEX CHA
    1055 W 7th St., Fl. 28
12  Los Angeles, CA 90017
    Telephone: 213.351.3513
13  Facsimile: 213.351.3514

14  Attorneys for Plaintiff and the Class
    *** Additional Plaintiff's Counsel on Next Page
15

16              UNITED STATES DISTRICT COURT

17              CENTRAL DISTRICT OF CALIFORNIA

18                    SOUTHERN DIVISION

| | |
|---|---|
| 19  EMMY SONG, as an individual and on behalf of all others similarly situated, | Case No.  8:17-cv-00965-JLS-DFMx |
| 20 | ASSIGNED FOR ALL PURPOSES TO JUDGE JOSEPHINE L. STATON |
| 21              Plaintiffs, | |
| 22  v. | **[PROPOSED] ORDER APPROVING PAGA SETTLEMENT, CERTIFYING SETTLEMENT** |
| 23  THC-ORANGE COUNTY, INC., a California Corporation; and DOES 1 | **CLASS AND PRELIMINARILY APPROVING CLASS** |
| 24  through 100, inclusive, | **SETTLEMENT** |
| 25              Defendants. | |
| 26 | |
| 27 | |
| 28 | |

This matter came on for hearing on March 1, 2019, on Plaintiff Emmy Song's ("Plaintiff" or "Class Representative") unopposed Motion for Preliminary Approval of Class Action Settlement and Approval of PAGA Settlement in this action on the terms set forth in the Class and Representative Action Settlement Agreement and Stipulation (the "Settlement Agreement").[1] Having fully considered the papers submitted in support of the motion and having carefully analyzed the Settlement Agreement and in recognition of the Court's duty to make a preliminary determination as to the reasonableness of a proposed class action settlement, the Court hereby GRANTS Plaintiff's motion as follows:

## BACKGROUND OF THE LAWSUIT

1.     This class and PAGA action lawsuit alleges the following causes of action against Defendant THC-Orange County, Inc. ("Defendant"): (1) failure to pay minimum and overtime wages (Cal. Labor Code §§ 510, 558, 1194, 1197, 1197.1); (2) failure to provide accurate wage statements (Cal. Labor Code § 226); (3) violations of the Unfair Practices Act (Cal. Bus. & Prof. Code §§ 17200, *et seq*.) and; (4) waiting time penalties (Cal. Labor Code §§ 201-203).   Additionally, Plaintiff brought an individual failure to reimburse (Cal. Labor Code § 2802) claim on behalf of herself.

2.     On or about May 31, 2017, Plaintiff provided written notice to the California Labor and Workforce Development Agency ("LWDA") pursuant to the Private Attorneys General Act of 2004 (Cal. Labor Code §§ 2698 *et seq*.) ("Plaintiff's May 31, 2017 LWDA Letter") and, following the expiration of the statutory waiting period, Plaintiff filed the First Amended Class Action Complaint on October 2, 2017, re-alleging each of the causes of action in the original complaint and alleging the following additional cause of action: (6) violations of the Private Attorneys General Act of 2004 ("PAGA") (Cal. Labor Code §§ 2698, et seq.). Thereafter, on or about

---

[1] All capitalized terms appearing in this Order that are not defined herein shall have the meanings assigned to them in the Parties' Class Action Settlement Agreement and Stipulation.

January 11, 2019, Plaintiff provided a supplemental notice to the LWDA ("Plaintiff's January 11, 2019 Supplemental LWDA Letter").

3.    After the Complaint was filed, the Parties participated in extensive settlement negotiations including, without limitation, mediation before Robert Kaplan, Esq., a mediator who specializes in wage and hour mediations. The negotiations were conducted after the Parties engaged in extensive and contested litigation, including discovery of hundreds of pages of documents and payroll records for Class Members and PAGA Releasees, reviewed and analyzed timekeeper data for Class Members an PAGA Releasees, engaged in extensive motion practice before the Court, and deposed Plaintiff and Defendant's Rule 30(b)(6) Person Most Knowledgeable, covering a myriad of topics, including Defendant's practice and procedures regarding recording hours worked, payment of wages, rounding, itemized wage statements, and calculation and payment of overtime and minimum wages

4.    The Parties negotiated and executed the Settlement Agreement, filed with the Court on January 11, 2019. The Settlement Agreement provides for the full settlement and release of all PAGA, class and representative claims encompassed by the Complaint and the First Amended Complaint, as well as Plaintiff's May 31, 2017 LWDA Letter and Plaintiff's January 11, 2019 Supplemental LWDA Letter, and otherwise sets forth the terms of the proposed Settlement which is before the Court for approval. Defendant continues to deny all allegations of wrongdoing, and does not admit or concede that it has, in any manner, violated the California Labor Code, the California Unfair Competition Law, any Wage Orders, the Fair Labor Standards Act or any other law. Defendant also denies that this case is appropriate for class action treatment other than for purposes of settlement.

**CERTIFICATION OF SETTLEMENT CLASS**

5.    On August 8, 2018, the Court entered an Order certifying the following classes: (1) The Rounding Class defined as all current and former California non-exempt employees of Defendant who worked at any time during the period of June 6,

2013 through the present [i.e., August 8, 2018]; and (2) The Wage Statement Class defined as all current and former California non-exempt employees of Defendant who received wage statements for overtime wages at any time from June 6, 2016, through the present [i.e., August 8, 2018].

6.     Based on the findings and conclusions set forth below in Subparagraphs (a)-(e), the Court determines that this case meets the requirements for certification of a class under Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure for purposes of settlement, and hereby orders that this case is certified as a class action, for purposes of settlement only, on behalf of the following class, which is broader than the classes certified by the Court on August 8, 2018: "All persons who were employed by THC-Orange County, Inc. at any time as non-exempt employees from June 6, 2013 through and including the date the Preliminary Approval Order and Order Approving PAGA Settlement is entered by the Court."

7.     The findings and conclusions that follow are based on the Court's consideration of: the allegations, information, arguments, and authorities cited in the Motion and supporting memorandum and declaration; the allegations, information, arguments, and authorities provided in connection with the Complaints filed in this case; Defendant's agreement, for settlement purposes only, not to oppose certification of the settlement class specified in the Settlement Agreement; the terms of the Settlement; and the elimination of the need, on account of the Settlement, for the Court to consider any potential trial manageability issues that might otherwise bear on the propriety of class certification.

a.     <u>Numerosity</u>. The Court finds that the Class is so numerous that joinder of all members is impracticable because there are approximately 5,065 Class Members as of September 2018. Class Members' identities can be ascertained from Defendant's records.

b.     <u>Common Questions of Law or Fact</u>. The Court finds that, for purposes of this settlement only, there are questions of law or fact common to the

Class, including but not limited to: whether Defendant has violated California Labor Code §§ 510, 558, 1194, 1197 and 1197.1 by failing to pay all wages owed (including minimum and overtime wages); whether Defendant violated California Labor Code § 226 by failing to provide accurate wage statements; whether Defendant is liable for waiting time penalties pursuant to California Labor Code §§ 201-203; whether Defendant violated California Labor Code § 558; and whether Defendant violated California Business and Professions Code § 17200, *et seq.*

        c.   <u>Typicality of the Representative Plaintiff's Claims</u>. The Court finds that, for purposes of this settlement only, the claims of Plaintiff Emmy Song ("Representative Plaintiff") are typical of the claims of the Class, in that her claims arise from the same alleged events and course of conduct as the claims of the Class, and are based on the same legal theories.

        d.   <u>Fair and Adequate Representation of the Class's Interests</u>. On August 8, 2018, the Court issued an Order in which Plaintiff was appointed as the class representative for the classes certified on that date. The Court further finds that, for purposes of this settlement only, the Representative Plaintiff will fairly and adequately represent the Class's interests, in that the Representative Plaintiff for purposes of this settlement has the same interests as all members of the Class, has diligently and zealously prosecuted this action to date, and is represented by experienced and competent attorneys who have the resources necessary to represent the Class. The Court hereby appoints Plaintiff as the Class Representative of this Class, for settlement purposes only, under Rule 23 of the Federal Rules of Civil Procedure.

        e.   <u>Predominance and Superiority of the Class Action Procedure</u>. The Court concludes that with respect to the proposed Class, for purposes of this settlement only, the requirements of Federal Rule of Civil Procedure 23(b)(3) are satisfied because questions of law and fact common to Class Members predominate over any questions affecting only individual members and that a settlement class is

superior to other available methods for the fair and efficient adjudication of the controversy.

8.     Appointment of Class Counsel. On August 8, 2018, the Court issued an Order in which Plaintiff Larry W. Lee and Mai Tulyathan of Diversity Law Group, P.C., Edward W. Choi of Law Offices of Choi & Associates, and Alex Cha and J. Edward Kim of Law Offices of Alex Cha were appointed as counsel for the classes certified on that date.   The Court hereby further appoints, for purposes of this settlement only, Larry W. Lee and Mai Tulyathan of Diversity Law Group, P.C., Edward W. Choi of Law Offices of Choi & Associates, and Alex Cha and J. Edward Kim of Law Offices of Alex Cha as counsel for the settlement Class ("Class Counsel"). In making this appointment, the Court has considered that Class Counsel has performed extensive work to date in identifying and investigating potential claims in the action; that Class Counsel have extensive experience in handling class and representative actions and the types of claims asserted in this action; that Class Counsel is very knowledgeable of the applicable law; and that Class Counsel have committed and will continue to commit adequate resources to representing the Class.

9.     Appointment of Settlement Administrator.   The Court appoints RG2 as the Settlement Administrator.

**PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

10.    The Court has reviewed the terms of the Settlement and the description of the Settlement set forth in Plaintiff's moving papers. Based on that review, the Court concludes that the Class Settlement has no obvious deficiency, appears to be fair, reasonable, and adequate, and is within the range of possible settlement approval such that notice of the proposed class settlement to the Class is appropriate.

11.    The Court has read and considered the declarations in support of the motion for preliminary approval. Based on the Court's review of the declarations, the Court finds that the Settlement was negotiated at arms-length and is not collusive. The Court further finds that Class Counsel were adequately informed about the strengths

and risks of the Class's case when they entered into the Settlement, and that they entered into the Settlement only after conducting extensive informal and formal discovery and investigation, which included interviewing Plaintiff and other current and former employees of Defendant in California, reviewing and analyzing extensive time and payroll data for the Class produced by Defendant in the course of discovery, deposing Defendant's Rule 30(b)(6) Person Most Knowledgeable, covering a myriad of topics, including Defendant's practice and procedures regarding recording hours worked, payment of wages, rounding, itemized wage statements, and calculation and payment of overtime and minimum wages, and estimating potential Class recoveries on a per shift basis thereon.

12. As to the proposed distribution plan for the Net Settlement Fund ("Distribution Plan") set forth in the Agreement, the Court has read and considered the declarations and finds that the proposed Distribution Plan does not improperly grant preferential treatment to any segment of the Class. The Plan is rationally and reasonably related to the relative strengths and weaknesses of the claims asserted and the associated potential recoveries.

13. The Court further finds on a preliminary basis that the payment of the Incentive Award of $10,000 to the Representative Plaintiff contemplated by the Settlement is proper, fair, and reasonable in consideration of the facts that the Representative Plaintiff spent significant amounts of time assisting Class Counsel in investigating and preparing the Class's claims, searching for and producing documents, and that the Representative Plaintiff provided an extensive individual release to Defendant, in addition to the releases provided by all Plaintiff Class Members.

14. Accordingly, the Court hereby GRANTS preliminary approval to the Class Settlement.

## APPROVAL OF THE PAGA SETTLEMENT

15. The Court hereby grants approval of the PAGA Settlement, including the

settlement and release of the PAGA Claims, as defined in the Settlement Agreement, and the payment of Forty-Four Thousand Dollars ($44,000) from the Gross Settlement Fund to resolve the PAGA Claims ("PAGA Payment"). Within thirty (35) calendar days of this Order, Defendant shall transmit the PAGA Payment to the Settlement Administrator, and on the Mailing Date, the Settlement Administrator shall pay seventy-five percent (75%) of the PAGA Payment, or Thirty-Three Thousand Dollars ($33,000), to the State of California Labor and Workforce Development Agency ("LWDA"), and twenty-five percent (25%) of the PAGA Payment, or Eleven Thousand Dollars ($11,000), to the PAGA Releasees. PAGA Releasees will not have the opportunity to opt out of, or object to the PAGA Payment and settlement and release of the PAGA Claims, and shall be paid their portion of the PAGA Payment on a *pro rata*, based on the number of PAGA Shifts Worked, as a fraction of the total Shifts Worked by all PAGA Releasees. The payment to each PAGA Releasee shall be made in the form of a check to be mailed to each of them with the Class Notice on the Mailing Date.

16.     If final approval of the Class Settlement is not granted by the Court, Class Counsel may request that the Court approve an award of attorneys' fees in an amount not to exceed $22,000, and recovery of actual costs not to exceed $8,000 in connection with the PAGA Settlement.

17.     Any PAGA Payment Check that is not cashed within 90 days shall escheat to the State of California Department of Industrial Relations' Unclaimed Wage Fund and be in the name of the PAGA Releasee Member who is the payee of the check.

18.     All PAGA Claims are hereby dismissed with prejudice as to the Plaintiff and all PAGA Releasees. The claims in this Action and the PAGA Claims of each PAGA Releasee against Defendant, and against any and all of the Released Parties as defined in the Settlement Agreement, are fully, finally, and forever released, relinquished and discharged pursuant to the terms of the Settlement Agreement. All

PAGA Releasees are permanently enjoined from pursuing or seeking to reopen, any of the PAGA Claims, as defined in the Settlement Agreement to the maximum extent permitted by law.

## APPROVAL OF CLASS NOTICES

19.     Plaintiff has submitted for the Court's approval proposed forms of Class Notices, one directed to Class Members who are also PAGA Releasees and one directed to Class Members who are not PAGA Releasees, that have been jointly agreed upon by the Parties (see Settlement Agreement, Exh. 1). The proposed Class Notices appear to be the best notice practical under the circumstances and appear to allow Class Members a full and fair opportunity to consider the proposed Settlement and develop a response. The Parties' proposed plan for distributing the Class Notices set forth in the Settlement Agreement likewise appears to be a method that is reasonably calculated to reach all members of the Class who would be bound by the Settlement. Under this plan, a Settlement Administrator will distribute the Class Notice to Class Members (and the PAGA Payment Check to the extent the Class Member is a PAGA Releasee) by U.S. First Class Mail. There appears to be no additional method of distribution that would be reasonably likely to result in the receipt of notice by Class Members who may otherwise not receive notice pursuant to the proposed distribution plan.

20.     Accordingly, the Court HEREBY ORDERS that the Parties' proposed forms and manner of distributing notice to the Class is approved. The Court directs the mailing of the Class Notices by first-class mail to the Class Members in accordance with the Implementation Schedule set forth below. The Court finds the dates and process selected for the mailing and distribution of the Notice, as set forth in the Implementation Schedule and the Settlement Agreement, meet the requirements of due process and provide the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

21.     The Court orders the following Implementation Schedule for further

proceedings:

a. Within thirty (30) days from the entry of this Preliminary Approval Order and Approval of PAGA Settlement, Defendant shall provide to the Settlement Administrator in an electronic format reasonably acceptable to the Settlement Administrator a list of Class Members and PAGA Releasees that identifies for each of them: 1) his/her name; 2) his/her Social Security Number; 3) his/her last-known address; 4) his/her last-known personal telephone number (if known); and 5) his/her total number of Class Shifts Worked and PAGA Shifts Worked during the Settlement Period.

b. Within twenty (20) days after the Settlement Administrator receives the list of Class Members/PAGA Releasees, the Settlement Administrator shall transmit via regular United States First Class Mail the Class Notice to each Class Member with the PAGA Payment Check if the Class Member is a PAGA Releasee. The Settlement Administrator shall conduct one additional address search/check for any Class Notice and PAGA Payment Check returned by the Post Office as "undeliverable." If an updated address is found, the Settlement Administrator shall promptly re-mail the Class Notice and PAGA Payment Check to that address one time. The Settlement Administrator will use appropriate skip tracing searches to increase the likelihood of delivery of the Class Notice and PAGA Payment Check, including one address confirmation/update of all Class Members prior to the initial mailing. The Settlement Administrator shall not perform more than one re-mailing to any Class Member. It shall be conclusively presumed that each and every Class Member whose Class Notice and PAGA Payment Check are not returned to the Settlement Administrator as undeliverable within thirty (30) calendar days after the Mailing Date has received the Class Notice and PAGA Payment Check.

c. Any challenges/disputes concerning Shifts Worked and/or estimated Individual Settlement Payment must be completed and postmarked on or before the expiration of the Notice Period and returned to the Settlement

Administrator, in compliance with the terms of the Settlement Agreement and Class Notice.

d.     Requests for exclusion from the Settlement must be postmarked on or before the expiration of the Notice Period and returned to the Settlement Administrator, in compliance with the terms of the Settlement Agreement and Class Notice. Any Class Member may seek exclusion from the Settlement, except the PAGA portion of the settlement as provided in the Settlement Agreement.  Requests for exclusion that do not comply with this paragraph and the requirements set forth in the Settlement Agreement and Class Notice shall not be effective.

e.     Objections to the Class Settlement must be filed with the Court by the close of the Notice Period in compliance with the terms of the Settlement Agreement and Class Notice. Objections must state the specific grounds on which they are being made and include all supporting facts. If an objector intends to appear at the Final Approval Hearing, either in person or through an attorney, the objector must file and serve with the objection a notice of intention to appear at the Final Approval Hearing. Objections that do not comply with this paragraph and the requirements set forth in the Settlement Agreement and Class Notice shall not be considered.

**FINAL APPROVAL HEARING RE CLASS SETTLEMENT**

22.     A Final Approval and Fairness Hearing on the separate questions of whether (i) the proposed Class Settlement, (ii) the proposed award of Class Counsel's Fees and Expenses to Class Counsel, and (iii) the proposed Class Representative's Incentive Award should be finally approved as fair, reasonable, and adequate as to the members of the Class is scheduled for ____ a.m./p.m. on _____, 2019, which is more than 130 days after the Motion for Preliminary Approval was filed, in the Courtroom of the Honorable Josephine L. Staton. All briefs and materials in support of an Order granting Final Approval of the Class Settlement, an Order granting Class Counsel's attorneys' fees and costs, and an Order granting the Class Representative's

Incentive Award shall be filed and served by _____, 2019.

23.    If, for any reason, the Court does not execute and file an Order of Final Approval, or if the Effective Date of the Settlement does not occur for any reason, the Settlement Agreement and the proposed Settlement that is the subject of this Order, and all evidence and proceedings had in conjunction therewith, shall be without prejudice to the status quo ante rights of the Parties to the litigation, as more specifically set forth in the Settlement Agreement.

24.    This Order, the Settlement Agreement, and all papers related thereto, are not, and shall not be construed to be, an admission by Defendant of any liability, claim or wrongdoing whatsoever, and shall not be offered as evidence of any such liability, claim or wrongdoing or the appropriateness of class certification in the non-settlement context in this Action or in any other proceeding.

25.    Pending further order of this Court, all proceedings in this matter other than those contemplated herein and in the Settlement Agreement are stayed.

26.    This Court reserves the right to adjourn or continue the Final Approval Hearing from time to time without further notice to Class Members.

    IT IS SO ORDERED.

Dated: _____, 2019    _____
                                  HON. JOSEPHINE L. STATON
                                  UNITED STATES DISTRICT COURT
                                  JUDGE

FIRMWIDE:161015994.2 091140.1003

# EXHIBIT 3

LARRY W. LEE, Bar No. 228175
lwlee@diversitylaw.com
DIVERSITY LAW GROUP, P.C.
515 S. Figueroa St., Suite 1250
Los Angeles, CA 90071
Telephone: 213.488.6555
Facsimile:  213.488.6554

EDWARD W. CHOI, Bar No. 211334
edward.choi@calaw.biz
LAW OFFICES OF CHOI & ASSOCIATES
515 S. Figueroa St., Suite 1250
Los Angeles, CA 90071
Telephone: 213.381.1515
Facsimile: 213.465.4885

ALEX CHA, Bar No. 208051
alex@alexchalaw.com
J. EDWARD KIM, Bar No. 282787
edward@alexchalaw.com
LAW OFFICES OF ALEX CHA
1055 W 7th St., Fl. 28
Los Angeles, CA 90017
Telephone: 213.351.3513
Facsimile: 213.351.3514

Attorneys for Plaintiff and the Class
*** Additional Plaintiff's Counsel on Next Page

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| EMMY SONG, as an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THC-ORANGE COUNTY, INC., a California Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.  8:17-cv-00965-JLS-DFMx<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE JOSEPHINE L. STATON<br><br>**[PROPOSED] ORDER: (1) GRANTING FINAL APPROVAL OF CLASS SETTLEMENT AND PLAN OF DISTRIBUTION; (2) APPROVING INCENTIVE AWARD TO PLAINTIFF; (3) APPROVING ATTORNEY'S FEES AND COSTS TO CLASS COUNSEL; AND (4) RETAINING JURISDICTION** |

This matter came on for hearing on _____, on Plaintiff Emmy Song's ("Plaintiff" or "Class Representative") unopposed Motion for Final Approval of Class Action Settlement and for Judgment in this action on the terms set forth in the Class and Representative Action Settlement Agreement and Stipulation (the "Settlement Agreement").[1] Due and adequate Notice having been given to the members of the Class, and the Court having considered the Settlement Agreement, all papers and proceedings held herein, and all oral and written comments received regarding the proposed Class Settlement, and having reviewed the entire record in this action, *EMMY SONG, as an individual and on behalf of all others similarly situated, v. THC-ORANGE COUNTY, INC., et al.*, Case No. 8:17-cv-00965-JLS-DFMx ("the Action"), and good cause appearing, finds that:

WHEREAS, Plaintiff has alleged claims against Defendant THC-ORANGE COUNTY, Inc. ("Defendant") on behalf of herself and all persons who were employed by THC-Orange County, Inc. at any time as non-exempt employees from June 6, 2013 through and including the date the Preliminary Approval Order and Order Approving PAGA Settlement is entered by the Court; and

WHEREAS, Plaintiff asserts claims that Defendant failed to pay its non-exempt employees for all hours worked (including minimum and overtime wages); failed to provide accurate wage statements and violated the California Unfair Practice Act (Cal. Bus. & Prof. Code § 17200 *et seq*. Plaintiff further asserts claims that Defendant is liable for waiting time penalties and penalties under the California Private Attorney General Act of 2004 ("PAGA") (Cal. Labor Code §§ 2698, *et seq*.); and

WHEREAS, Defendant expressly denies the allegations of wrongdoing and violations of law alleged in this Action; asserts that it always properly compensated its employees; and further denies any liability whatsoever to Plaintiff, to the PAGA

---

[1] All capitalized terms appearing in this Order that are not defined herein shall have the meanings assigned to them in the Parties' Class and Representative Action Settlement Agreement and Stipulation.

Releasees, and to the Class Members; and

WHEREAS, without admitting any liability, claim or defense the Parties determined that it was mutually advantageous to settle this Action and avoid the costs, delay, uncertainty and business disruption of ongoing litigation; and

WHEREAS, this Court granted approval of the PAGA Settlement and preliminary approval of the parties' Class Settlement in this Action on [INSERT DATE] ("Preliminary Approval Order and Order Approving PAGA Settlement "); and

WHEREAS, the PAGA Payment and the Class Notice to the Class Members and PAGA Releasees were sent in accordance with the Preliminary Approval Order and Order Approving PAGA Settlement; and

WHEREAS, a fairness hearing on the proposed Class Settlement having been duly held and a decision reached,

NOW, therefore, the Court grants final approval of the Class Settlement, and IT IS HEREBY ORDERED THAT:

1.     The Court has jurisdiction over the subject matter of this Action, Defendant and the Class.

2.     The Court has determined that the Class Notice given to the Class Members fully and accurately informed all Class Members of all material elements of the proposed Class Settlement — including the plan of distribution of the remaining balance of the Gross Settlement Fund (which is the Gross Settlement Fund less the PAGA Payment which has already been distributed), the application for an Incentive Award to Plaintiff and the application for Class Counsel's Fees and Expenses to Class Counsel — constituted the best notice practicable under the circumstances, constituted valid, due and sufficient notice to all Class Members, and complied fully with Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable laws.

3.     The Court hereby grants final approval of the Class Settlement as fair, reasonable and adequate in all respects to the Class Members pursuant to Rule 23 of

the Federal Rules of Civil Procedure, and orders the Parties and the Settlement Administrator to implement all remaining terms of the Settlement Agreement pertaining to the distribution of the Gross Settlement Fund (less the PAGA Payment which has already been distributed) and Net Settlement Fund in accordance with the terms of the Settlement Agreement.

4.    The plan of distribution as set forth in the Settlement Agreement providing for the distribution of the Net Settlement Fund to Class Members is hereby finally approved as being fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure.

5.    As previously held in the Court's Preliminary Approval Order and Order Approving PAGA Settlement, the Class for settlement purposes is appropriate under Federal Rule of Civil Procedure 23 and related case law and is defined as follows: "all persons who were employed by THC-Orange County, Inc. at any time as non-exempt employees from June 6, 2013 through and including the date the Preliminary Approval Order and Order Approving PAGA Settlement is entered by the Court."

6.    As previously held in the Court's Preliminary Approval Order and Order Approving PAGA Settlement, the Court appoints as Class Counsel, Larry W. Lee and Mai Tulyathan of Diversity Law Group, P.C., Edward W. Choi of Law Offices of Choi & Associates, and Alex Cha and J. Edward Kim of Law Offices of Alex Cha.

7.    The Court approves payment of an Incentive Award of $10,000 to Plaintiff Emmy Song for her service to the Class, which shall be paid from, and not in addition to, the Gross Settlement Fund.

8.    The Court approves the payment of attorneys' fees in the amount of $146,666.00 to Class Counsel, which shall be paid from, and not in addition to, the Gross Settlement Fund.

9.    The Court also approves the additional payment of attorneys' costs in the amount of up to $25,000 to Class Counsel to reimburse them for their expenses, which shall be paid from, and not in addition to, the Gross Settlement Fund.

10.     The Court approves a payment of up to $40,000 to the Settlement Administrator out of the Gross Settlement Fund. Any portion of the payment to the Settlement Administrator that is unused will go to the Net Settlement Fund.

11.     Any checks for Individual Settlement Payments that are not cashed within 90 days shall escheat to the State of California Department of Industrial Relations' Unclaimed Wage Fund and be in the name of the Class Member who is the payee of the check.

12.     All claims asserted in this Action are DISMISSED WITH PREJUDICE as to Plaintiff Emmy Song and the Plaintiff Class Members. Further, as set forth in the Preliminary Approval Order and Order Approving PAGA Settlement, the Private Attorneys General Act claim asserted in this action shall be DISMISSED WITH PREJUDICE as to Plaintiff and all PAGA Releasees. Each party shall bear her or its own costs and attorneys' fees, except as provided in the Settlement Agreement and as set forth above in this Order and as set forth in any other Order issued in response to the application by Class Counsel for an award of attorneys' fees, costs, and expenses, which hearings took place concurrently with the hearing for this Order or will take place.

13.     Upon entry of this Order and the accompanying Judgment, the claims in this Action and the Released Claims of each Plaintiff Class Member against Defendant and against any and all of the Released Parties, as defined in the Settlement Agreement, are fully, finally, and forever released, relinquished and discharged pursuant to the terms of the Settlement Agreement to the maximum extent permitted by law.

14.     Upon entry of this Order and the accompanying Judgment, all Plaintiff Class Members are hereby forever barred and enjoined from prosecuting the Released Claims against any of the Released Parties as defined in the Settlement Agreement and as set forth in the Preliminary Approval Order and Order Approving PAGA Settlement, all PAGA Releasees are forever barred and enjoined from prosecuting the

PAGA Claims against any of the Released Parties as defined in the Settlement Agreement.

15.    Each member of the Class is bound by this Order and the Judgment, including, without limitation, the release of claims as set forth in the Settlement Agreement.

16.    This Order, the Judgment, the Settlement Agreement, and all papers related thereto, are not, and shall not be construed to be, an admission by Defendant of any liability, claim or wrongdoing whatsoever, and shall not be offered as evidence of any such liability, claim or wrongdoing in this Action or in any other proceeding.

17.    Without affecting the finality of this Order and the accompanying Judgment filed herewith, the Court reserves exclusive and continuing jurisdiction over the Action, the Plaintiff, the Class, the PAGA Releasees, and Defendant for the purposes of supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement, Preliminary Approval Order and Order Approving PAGA Settlement, distribution of the Individual Settlement Payments and award of attorney's fees, costs, and expenses, the Judgment, and this Order.

IT IS SO ORDERED.

Dated: _____, 2019    _____

HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT COURT
JUDGE

FIRMWIDE:161015405.2 091140.1003

# EXHIBIT 4

LARRY W. LEE, Bar No. 228175
lwlee@diversitylaw.com
DIVERSITY LAW GROUP, P.C.
515 S. Figueroa St., Suite 1250
Los Angeles, CA 90071
Telephone: 213.488.6555
Facsimile: 213.488.6554

EDWARD W. CHOI, Bar No. 211334
edward.choi@calaw.biz
LAW OFFICES OF CHOI & ASSOCIATES
515 S. Figueroa St., Suite 1250
Los Angeles, CA 90071
Telephone: 213.381.1515
Facsimile: 213.465.4885

ALEX CHA, Bar No. 208051
alex@alexchalaw.com
J. EDWARD KIM, Bar No. 282787
edward@alexchalaw.com
LAW OFFICES OF ALEX CHA
1055 W 7th St., Fl. 28
Los Angeles, CA 90017
Telephone: 213.351.3513
Facsimile: 213.351.3514

Attorneys for Plaintiff and the Class
*** Additional Plaintiff's Counsel on Next Page

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| EMMY SONG, as an individual and on behalf of all others similarly situated, | Case No. 8:17-cv-00965-JLS-DFMx |
| Plaintiffs, | ASSIGNED FOR ALL PURPOSES TO JUDGE JOSEPHINE L. STATON |
| v. | **[PROPOSED] JUDGMENT AND DISMISSAL** |
| THC-ORANGE COUNTY, INC., a California Corporation; and DOES 1 through 100, inclusive, | |
| Defendants. | |

PURSUANT TO THE PRELIMINARY APPROVAL ORDER AND ORDER APPROVING PAGA SETTLEMENT ENTERED ON _____ AND THE ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT ENTERED ON _____, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Class and Representative Action Settlement Agreement And Stipulation (the "Settlement Agreement") and all exhibits thereto, shall be incorporated into this Judgment as though all terms therein are set forth in full. The capitalized terms in this Judgment shall have the meanings set forth in the Settlement Agreement.

2. All claims asserted in this Action are DISMISSED WITH PREJUDICE as to Plaintiff Emmy Song and the Plaintiff Class Members to the maximum extent permitted by law. As stated in the Preliminary Approval Order and Order Approving PAGA Settlement, the PAGA Claims asserted in this Action shall be dismissed with prejudice as to Plaintiff and all PAGA Releasees. Except as set forth in the Settlement Agreement and the Final Order, each party is to bear her/its own attorneys' fees and costs. All Class Members who did not properly and timely opt out from the Class Settlement are permanently enjoined from pursuing or seeking to reopen, any of the Settled Claims, as defined in the Settlement Agreement to the maximum extent permitted by law. All PAGA Releasees are permanently enjoined from pursuing or seeking to reopen, any of the PAGA Claims, as defined in the Settlement Agreement to the maximum extent permitted by law.

3. Without affecting the finality of the Judgment, the Court shall retain exclusive and continuing jurisdiction over the above-captioned action and the parties, including all Class Members, for purposes of supervising, administering, implementing, enforcing, and interpreting the Settlement Agreement and the Final Approval Order.

IT IS SO ORDERED.

Dated: _____, 2019     _____
                                    HON. JOSEPHINE L. STATON
                                    UNITED STATES DISTRICT COURT
                                    JUDGE

FIRMWIDE:160972743.2 091140.1003